■ FRANK D'AGOSTINO et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 34338.) — Order and judgment insofar as appealed from affirmed, with costs. Memorandum: While we do not approve the views expressed by the Court of Claims Judge in the recitals of his order as to the duties of the claimant and of the State respectively with respect to the clearing of title to land appropriated by the State, we believe that the result reached by him was a sound one under the circumstances of this case. The Attorney-General served notice upon the claimants pursuant to subdivision 4 of section 19 of the Court of Claims Act that he was ready and willing

to approve title to the property covered by the award upon the presentation to him of enumerated papers, including a release by three former tenants of the premises and a discontinuance of their claims. Under the statute, interest on the award would be suspended from the expiration of 30 days after the date on which the notice was received to the date when the requested papers were presented, unless otherwise ordered by the court. The claimants moved for an order waiving the suspension of interest and the court granted it. The tenants had been in possession under a lease which specifically provided that the tenants should not participate in any award made by virtue of an appropriation. Despite this provision, the tenants had filed claims in the Court of Claims and they declined to discontinue the claims and to give a release when requested to do so by the claimants. After the Attorney-General served the notice, he had two of the tenants' claims dismissed on the ground that they had not been filed in time and the third was dismissed later upon stipulation by the tenant's counsel. Under the circumstances, the claimants were not chargeable with any delinquency by reason of the fact that they had not brought a plenary action for an adjudication that the tenants were not entitled to any part of the award. The tenants' claims were in the Court of Claims and could be disposed of readily there by motion by the Attorney-General or by being brought to trial and they were all in fact ultimately so disposed of. The purpose of the statute is to penalize a claimant who deliberately or negligently fails to clear title to the property appropriated and to procure the proofs and documents reasonably requested by the Attorney-General, while interest continues to run on the award. The Court of Claims properly held that the claimants in this case were not guilty of conduct warranting the imposition of the penalty of suspension of interest. All concur. (Appeal from an order and part of a judgment of the Court of Claims granting interest on an award. The order vacated the order of the Attorney-General which suspended interest on the award to claimants for appropriations for highway purposes.) Present — McCurn, P. J., Kimball, Williams, Bastow and Halpern, JJ.