CHARLES LANZOFF, as Trustee in Bankruptcy of STANLEY I. SCHONBRUN, Bankrupt, Respondent, v. FLORENCE R. BADER et al., Appellants.— In an action by a trustee in bankruptcy to set aside two deeds to certain real property and to impress and foreclose a lien on said property by reason of certain expenditures of money by the bankrupt in connection with the property, which money would be assets of the bankrupt estate, defendants appeal from an order of the Supreme Court, Nassau County, dated August 22, 1960, denying their motions to dismiss the complaint and the three causes of action therein and to cancel a notice of pendency of action. The grounds of the motions to dismiss the complaint were: (1) that on the face of the complaint it appears that the court lacks jurisdiction of the subject matter, (2) that plaintiff has not legal capacity to sue, and (3) that the complaint and the several causes of action do not state facts sufficient to constitute a cause of action. Order modified by striking out the decretal paragraph, and by substituting therefor: (1) a paragraph decreeing that the motions with respect to the complaint and the several causes of action are denied, except that such motion by defendant Harriet

Morrel is granted to the extent that the second and third causes of action as against her are dismissed; and (2) a paragraph decreeing that the motion to cancel the notice of pendency of action is granted. As so modified, order affirmed, without costs, and with leave to plaintiff, if so advised, within 20 days after entry of the order hereon, to serve an amended complaint as against defendant Morrel. The court has jurisdiction of the action, even if it were not alleged, as it is, that the bankruptcy court authorized plaintiff to institute and prosecute this action (*Schumacher* v. *Beeler,* 293 U. S. 367; *Holzer* v. *Simon,* 16 Misc 2d 568, revd. on other grounds 10 A D 2d 864, appeal dismissed 9 N Y 2d 643; *Halpert* v. *Engine Air Serv.,* 116 F. Supp. 13). The case of *Thompson* v. *Magnolia Co.* (309 U. S. 478) and the case of *Palmer* v. *Larchmont Manor Co.* (284 N. Y. 288) are not to the contrary. Both those cases dealt with property that was in the actual or constructive possession of the bankruptcy court or of the trustee in bankruptcy, which is not the case here. The first cause of action is valid as against defendant Morrel in that it alleges a cause of action to impress a lien for moneys expended by the bankrupt in fraud of his creditors in connection with the property, and that said defendant has a lien on the property that would be inferior to plaintiff's claimed lien. However, it is nowhere alleged in the complaint that said defendant did not give proper consideration for the mortgage that was given to her on the property, or that she is chargeable with any wrongdoing. The previous notice of pendency of action, which was filed by plaintiff on December 21, 1959, was cancelled by an ex parte order of the Supreme Court, Nassau County, dated May 2, 1960, which order was made at the instance of plaintiff. It is conceded in plaintiff's attorney's affidavit that the summons had not been served up to the time of the making of that order. Since service of the summons had not been effectuated, and more than 60 days having elapsed after the filing of that notice, the court would have been obliged to grant a motion by an aggrieved party for cancellation of that notice, under section 123 of the Civil Practice Act. The ex parte order had the same effect that an order on a motion by an aggrieved party would have had. In view of the said cancellation of the previous notice, it was improper to file the instant second notice and there is no authority under which it may be permitted to stand (*Israelson* v. *Bradley,* 308 N. Y. 511). Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Pette, JJ., concur.