CARVEL DARI-FREEZE STORES, INC., Appellant, v. GEORGE LUKON et al., Respondents.— In an action to compel specific performance of a contract with respect to real property, and for other relief, the plaintiff corporation appeals, as limited by its brief, as follows from two orders of the Supreme Court, Suffolk County: (1) from so much of one order, dated October 30, 1961 and designated

the *first order*: (a) as granted the motion of the defendant Sedley to dismiss the second amended complaint against him for lack of prosecution; (b) as directed the County Clerk to cancel the *lis pendens* in the action filed by the plaintiff corporation on April 15, 1958; and (c) as denied its cross motion to extend *nunc pro tunc* its *lis pendens*; and (2) from so much of another order, dated the same day and designated as the *second order*: (a) as granted the motion of defendants, Lukon and Bogeski, to dismiss the third amended complaint against them for lack of prosecution; (b) as directed the County Clerk to cancel the said *lis pendens*; and (c) as denied plaintiff's cross motion to extend *nunc pro tunc* its *lis pendens* or to permit it to file an amended or new *lis pendens*. The first order is modified on the facts and in the exercise of discretion, as follows: (1) by striking out its first decretal paragraph which granted unconditionally the motion of the defendant Sedley to dismiss the second amended complaint against him; and (2) by substituting therefor a provision denying said motion on condition that plaintiff shall notice the action for trial at the February 1963 Court Term. As so modified, the first order, insofar as appealed from, is affirmed, without costs. The second order is modified on the facts and in the exercise of discretion, as follows: (1) by striking out its first decretal paragraph which granted unconditionally the motion of the defendants, Lukon and Bogeski, to dismiss the third amended complaint against them; and (2) by substituting therefor a provision denying said motion on condition that plaintiff shall notice the action for trial at the February 1963 Court Term. As so modified, the second order, insofar as appealed from, is affirmed, without costs. In our opinion, under the circumstances here, the unconditional granting of the defendants' motions to dismiss, pursuant to section 181 of the Civil Practice Act and rule 156 of the Rules of Civil Practice, was an improvident exercise of discretion. The plaintiff has made a reasonable excuse for its delay in prosecuting the action and has presented an adequate showing as to the merits of the action. Ughetta, Acting P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.