■ DOROTHY SKOLER, Respondent, v. EVA RIMBERG, Respondent. MARY P. RICK et al., Appellants.— In an action to compel specific performance of a contract for the sale of certain real property, the petitioners Rick (who are not parties to the action) appeal from an order of the Supreme Court, Westchester County, dated November 5, 1962, which denied their motion, made pursuant to section 123 of the former Civil Practice Act, to cancel a notice of pendency of the action filed by the plaintiff. Order reversed, without costs; motion granted and notice of pendency directed to be cancelled of record. On May 29, 1960 plaintiff and defendant Rimberg entered into a contract for the sale of defendant's real property to the plaintiff. On June 14, 1960 Rimberg contracted to sell the same property to the petitioners Rick. On June 22, 1960

plaintiff filed her *lis pendens*. On June 29, 1960 the Ricks and Rimberg, with knowledge of the *lis pendens*, met to close title. On that date they entered into another agreement whereby the Ricks agreed to take title to the premises, subject to the understanding that Rimberg would defend the plaintiff's action for specific performance and that Rimberg would take the necessary steps to remove the *lis pendens*. It was further agreed that the Ricks would pay the full consideration for the property, the funds to be held in escrow by Rimberg's attorney until the title should become free and clear of the *lis pendens*. The Ricks further agreed to pay the taxes and maintenance charges on the property; and, in the event the plaintiff prevailed in her action, to reconvey the title to Rimberg. Before the action was reached for trial, the escrow agent (Rimberg's attorney) died insolvent and the money had disappeared. Thereupon, pursuant to section 123 of the former Civil Practice Act, the Ricks moved to cancel the *lis pendens* on the ground that the complaint was not verified and on the further ground that the summons had not been served within 60 days after filing of the *lis pendens*, as required by the statute (former Civ. Prac. Act, § 120). Special Term denied the motion on the ground that at the time the Ricks took title they had full knowledge of the existence of the *lis pendens*, as shown by their collateral agreement with the defendant. In our opinion, strict compliance with the statutory requirements is a condition precedent to a valid *lis pendens* (*Israelson* v. *Bradley*, 308 N. Y. 511, 516; *Lanzoff* v. *Bader*, 13 A D 2d 995, 996). The notice of pendency is effective only when it has been properly filed (*Schomacker* v. *Michaels*, 189 N. Y. 61, 64). We are further of the opinion that the Ricks, by virtue of their contract to purchase into which they had entered prior to the filing of the *lis pendens*, are "persons aggrieved" within the meaning of the statute (former Civ. Prac. Act, § 123) and are entitled to the cancellation of the notice. The subsequent taking of title by the Ricks, with knowledge of the *lis pendens*, did not change their status; and, as owners of the property, their motion to cancel the *lis pendens* should have been granted on the ground that the plaintiff had failed to comply with the statute. A *lis pendens*, invalid for failure to comply with the mandate of the statute, is a nullity; it cannot be validated by reason of any act done or any knowledge acquired by third parties (*Brown* v. *Mando*, 125 App. Div. 380). Beldock, P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.