■ Philip B. Yochmowitz, Respondent, v. State of New York, Appellant. (Claim No. 41253.) — Herlihy, J.   This is an appeal by the State from a judgment of the Court of Claims awarding the claimant $183,372.60 as the result of certain appropriations of claimant's premises.   We find that the record substantiates the finding that there was a reasonable probability of an imminent change in zoning from residential to business on all of the appropriated property as was found by the trial court.   In regard to the appellant's contention that the court erred in using the figure of $150 per front foot for both the actually rezoned commercial property and that which the court found to be subject to change to commercial, it is clear that the claimant's appraiser arrived at this figure after considering actual sales in the area and then discounting the comparable figures because the property had not yet actually been rezoned.   This one price was applied to both the zoned and unzoned frontage on the theory that any sale for such purpose would include all of the frontage of each parcel concerned.   The adjustment of the price to reflect a diminished figure for the fact that the rezoning has not actually been accomplished is within the rule enunciated in Masten v. State of New York (11 A D 2d 370, affd. 9 N Y 2d 796).   The argument that the court should have adopted a square-foot valuation for business purposes rather than a front-foot valuation is without merit on this record.   The final issue relates to the finding by the trial court that the parcels in question no longer had free access and were thereby diminished in value.   The record establishes that each of the parcels in question was separated from the highway fee taking by a permanent easement for excavations and slopes along their entire frontage and were otherwise landlocked.   The taking maps reserved to the claimant the right of use of the property provided such use did not interfere with the State's use.   It appears from the record that there were substantial embankments or slopes located in this easement area and in the fee-taking area with the exception that there were two 50-foot areas on one parcel and one 50-foot area on each of the other parcels which were physically situated so as to be used for access.   This situation is the same as in Weber v. State of New York (25 A D 2d 584) wherein we held that this type of easement coupled with the factual impediment to free access entitled the claimant to recover consequential damages for diminution in value based on the loss of free access to the abutting highway.   Accordingly, we affirm the consequential damages as found by the trial court for loss of free access.   Judgment affirmed, with costs.   Gibson, P. J., Reynolds, Taylor and Aulisi, JJ., concur.   [47 Misc 2d 85.]