■ In the Matter of TROJAN SERVICE STATIONS, INC., et al., Respondents, v. ARTHUR LEVITT, as Comptroller of the State of New York, Appellant.— Appeal from a judgment of the Supreme Court at Special Term, entered September 4, 1973 in Albany County, which granted petitioners' application in a proceeding pursuant to CPLR article 78, to direct the Comptroller to pay petitioners the sum of $3,683.30 alleged to be due them under a judgment of the Court of Claims. The relevant facts are undisputed. On August 19, 1969 the State appropriated in fee certain lands in the City of Watervliet owned by Trojan Service Stations, Inc., leased to Mintzer Petroleum Corporation and sublet to Harold Beckert. Trojan filed a notice of claim against the State on October 15, 1969 seeking damages for the appropriation. Prior to trial, however, on July 31, 1970, Trojan entered into a partial payment agreement with the Department of Transportation pursuant to which the latter agreed to pay Trojan $19,500 or 75% of the department's estimated value of the claim as an advance payment. According to the terms of the agreement, Trojan was to execute and deliver to the Attorney-General, as a prerequisite to the partial payment, "all formal papers which the Attorney General deems necessary to authorize payment and to secure to the State a

---

full release of all claims (other than the claim of Claimant) by reason of the aforementioned appropriation ". Additionally, the agreement provided for the suspension of interest on the partial payment upon the expiration of the 30th day after the delivery of closing papers to Trojan and until " the Attorney General is presented with all proper proofs, instruments and vouchers in satisfactory form which he required in order to authorize payment of the claim." On September 22, 1970 Trojan was requested to provide the Attorney-General, *inter alia*, with general releases executed by Mintzer and Beckert. However, Mintzer refused to execute a release and filed its own claim for damages against the State on December 16, 1970. Trojan furnished the other requested documents by December 27, 1972. The claims of Trojan and Mintzer were consolidated for trial which was held on November 13, 1972 and resulted in a decision awarding petitioners $35,198.28 with interest from the date of appropriation to the date of entry of the judgment. The judgment, totaling $42,349.40, was duly entered and a certified copy thereof served on January 8, 1973. The Attorney-General filed a certificate of no appeal with the Comptroller's office on February 2, 1973. Petitioners filed the requisite satisfaction piece, waiver of attorney's lien and Attorney-General's certificate on April 4, 1973. On March 15, 1973 Trojan received a check for $20,214.79 representing the advance payment with interest thereon, less a deduction of the interest suspended due to the delay in submitting the documents requested by the Attorney-General. Subsequently, by check dated April 10, 1973 and payable to petitioners jointly, final payment was made in the amount of $19,026.06 claimed to represent the balance of principal plus interest. Thus, the total received by petitioners was $3,108.55 less than the amount of the judgment from which no appeal was taken. Petitioners commenced this proceeding to recover $3,683.30 in interest allegedly due and Special Term granted summary judgment in their favor. Appellant contends that Trojan is not entitled to interest on the $19,500 representing the partial payment for the period between October 22, 1970 and December 27, 1972 as it failed to comply with its obligations under the agreement. In *Matter of Wright* v. *State of New York* (37 A D 2d 874, 876) we rejected this argument stating: " The State permitted the entry of judgment in an amount which included the unpaid advance and filed a notice of no appeal from such judgment. It should not now be heard to complain (*Montecalvo* v. *Levitt*, 28 A D 2d 798). Further, the agreement provided for no interest to be allowed in the award ' on the amount of such partial payment.' We can only conclude that interest was to be suspended on an actual advance partial payment; both the language of the agreement and the equities of the situation so dictate." We reiterate that the agreement contemplates an actual advance payment before interest may be suspended. Were this not so, the provisions of the agreement, which permit the State to maintain a counterclaim for an excess payment should the Court of Claims valuation of the property be less than the amount of the partial payment, would be quite unnecessary. Indeed, the agreement specifically provides that " if the Court of Claims finds the value of the property * * * is equal to or exceeds the partial payment *made* hereunder, the amount of such partial payment shall be deducted from the amount so found by the Court and the award of said Court shall be in the amount of the excess, if any, over and above said partial payment " (emphasis supplied), clearly contemplating an actual payment. Trojan is therefore entitled to prejudgment interest as provided for in the judgment of the Court of Claims. In awarding petitioners $3,683.30, the trial court obviously computed postjudgment interest until the date of actual payment. Pursuant to subdivision 7 of section 20 of the Court of Claims Act, interest was payable only from the

date· of the judgment until the 20th day after the Comptroller was authorized to issue his warrant for the payment thereof. See *Matter of Rochester Carting Co.* v. *Levitt,* 44 A D 2d 71 [decided March 21, 1974].) The Comptroller was authorized to issue his warrant on February 2, 1973 when the certificate of no appeal was filed *(People ex·rel. Evers* v. *Glynn,* 126 App. Div. 519, 521). Interest on the judgment ceased to accumulate on February 22, 1973 (Court of Claims Act, § 20, subd. 7). Therefore, the amount of postjudgment interest should be $313.29. The judgment should therefore be· modified to reduce the amount of interest awarded to $3,421.84. Judgment modified, on the law, so as to reduce the amount awarded to $3,421.84, and, as so modified, affirmed, without costs. Herlihy, P. J., Staley, Jr., Cooke, Sweeney and Kane, JJ., concur.