■ WILLY M. SCHOEPP, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 55066.)—Appeal from (1) an order of the Court of Claims, entered March 24, 1978, which denied a motion for an order directing the deposit of an award in a bank, pursuant to subdivision 2 of section 22 of the Court of Claims Act and for the suspension of interest, (2) an order of the same court, entered May 22, 1978, which denied a motion for reconsideration, and (3) a judgment of the same court, entered May 31, 1978, which directed the State to pay claimant $5,587.13. On June 24, 1970, the State appropriated a portion of claimant's property for a permanent easement. Following a trial he was awarded $4,020 with interest on June 16, 1975. Thereafter, he was requested to file proof of cancellation of a certain lis pendens, that certain property taxes were paid and a general release from Rosalie Schoepp, his former wife. Claimant's former wife had sued him for a divorce and on October 25, 1967 she filed a lis pendens. A judgment of divorce was entered on December 1, 1969. Pursuant to the decree claimant was to set up a trust fund in favor of the infant issue of the marriage and pay his wife a certain sum of money when the property in question was sold. Within 30 days of the State's request, claimant advised the State of the expiration of the lis pendens pursuant to CPLR 6513 and furnished proof of payment of the taxes. He did not file the general release requested. The instant motion was brought on January 26, 1978 to compel the deposit of the award in an appropriate bank pursuant to subdivision 2 of section 22 of the Court of Claims Act and for the suspension of interest. The motion was denied as was a motion for reconsideration and this appeal ensued. There should be an affirmance. The lis pendens does not create an encumbrance or a lien (Simon v Vanderveer, 155 N. Y., 377, 382, 13 Carmody-Wait 2d, NY Prac, § 87.73), it merely provides notice that an action is pending which may affect title to real property (CPLR 6501). We are of the opinion that the State had the responsibility of determining the disposition of the action in which the lis pendens was filed. Had this been done the State would have discovered that the judgment of divorce was rendered before the appropriation and, consequently, there was no longer a pending action affecting the real property. Nor, in our view, does the trust created by the divorce decree show that there was a basis for the lis pendens since such trust creates an interest in the proceeds from the sale of the land and does not affect the title to, or possession, use or enjoyment of the property. Furthermore, the lis pendens was of no effect on June 16, 1975, the date of entry of the award, as it had automatically expired on October 25, 1970, three years after the date of filing (CPLR 6513; Robbins v Goldstein, 32 AD2d 1047, app dsmd 26 NY2d 749). Concerning the denial of the State's motion for suspension of interest, we conclude that claimant did timely submit the proper proof to the

Attorney-General that he was entitled to the award and, therefore, interest should not have been suspended. We also reject the State's contention that there is a conflict between subdivision 4 of section 19 of the Court of Claims Act and 22 NYCRR 1200.30. The latter rule assures the speedy entry of judgment by requiring the clerk to file the judgment within 20 days. Subdivision 4 of section 19 pertains only to interest and penalizes a claimant who deliberately or negligently fails to clear title to the property appropriated (*D'Agostino v State of New York,* 9 AD2d 724, 725). Orders and judgment affirmed, with costs. Mahoney, P.J., Greenblott, Sweeney, Staley, Jr., and Herlihy, JJ., concur.