ELAINE SCHWARTZ et al., Respondents-Appellants, v STATE OF
NEW YORK, Appellant-Respondent (Claim No. 59644.)

Third Department, February 28, 1980

## APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (Vernon Stuart, Jeremiah Jochnowitz* and *Shirley Adelson Siegel* of counsel), for appellant-respondent.

*Farrell, Fritz & Cleary (John M. Armentano* and *Samuel S. Tripp* of counsel), for respondents-appellants.

## OPINION OF TE COURT

SWEENEY, J.

The property in question consists of approximately nine acres of land zoned for a variety of commercial uses and located on the south side of New York State Route 25 near a major regional shopping center. The deed conveying the subject property, together with some additional 71 acres, contained a restrictive covenant limiting the use of the property to residential purposes except for the first 150 feet south of Route 25. The State permanently appropriated claimants' property, and the present action was commenced. The Court of Claims found that the average value per square foot of appropriated property was $4.35 on a fully unrestricted basis; that the principals involved would have agreed to a waiver of the restrictions imposed by the covenant, but the restrictions would have been selectively waived; that adjustments would have to be made not only for the existence of the covenant,

but also for the selective retention of certain rights accruing to the owners of the covenant; and that a percentage adjustment of 20% for the full and total effect of the restrictions would be applied. An award was made of $1,380,000 with interest from April 1, 1975 to the date of entry of judgment. Judgment was entered on October 4, 1978. In notice of motion dated November 1, 1978 and returnable December 5, 1978 the State moved, *inter alia,* for an order vacating the judgment and reopening the trial for the limited purpose of introducing into evidence an advance payment agreement to establish a suspension of interest. The State also sought a further interest suspension on the balance of the award itself. So much of the motion as sought this relief was denied and an amended judgment was entered June 8, 1979.

The principal issue on these cross appeals in regard to the valuation of the subject property concerns the effect of the restrictive covenant. The State, relying on *Nash v State of New York* (61 AD2d 852), contends that since a portion of the property is restricted in its use by the covenant, the valuation of that portion should be predicated upon the restricted use value. Claimants argue that the entire property should have been valued as though the restrictive covenant did not exist. Upon our examination of the record, we are of the view that there is ample evidence to support the finding by the Court of Claims that the restrictions imposed by the covenant would have been selectively waived. In the closely analogous situation where a reasonable possibility of the imminence of a change of zoning regulations regarding the utilization of real property has been properly evinced, it has been held that such probability is a relevant factor in the determination of the value of the subject property *(Matter of County of Nassau [Cohen],* 39 NY2d 574). In our opinion, the reasonable probability that a restrictive covenant will be removed should also constitute a relevant factor in the determination of the value of the subject property. Consequently, the court did not err in considering the reasonable probability that the covenant would be waived, and the value of the subject property was properly discounted to reflect the fact that removal of the covenant was not an accomplished fact (cf. *Matter of City of Rochester v Dray,* 60 AD2d 766; *Yochmowitz v State of New York,* 25 AD2d 930, mot for lv to app den 18 NY2d 579). We conclude that the court's determination of value was within the range of competent expert testimony and without legal

error and, therefore, it should not be disturbed *(Glazer v State of New York,* 54 AD2d 1077; *Sapia v State of New York,* 33 AD2d 821).

■ Concerning the State's motion to vacate the judgment and reopen the trial for the purpose of introducing into evidence an advance payment agreement to establish a suspension of interest, it is not disputed by the State that there has been no actual payment to claimants. The advance payment agreement in question was attached to the State's moving papers. A reading of the agreement clearly demonstrates that interest was to be suspended only upon an actual advance payment, as was the case in *Matter of Trojan Serv. Stas. v Levitt* (44 AD2d 642). In that case this court held that since no actual payment was made there could be no suspension of interest pursuant to the partial payment agreement. In the present case, the Court of Claims properly determined that *Matter of Trojan Serv. Stas. v Levitt (supra)* was controlling on the issue of prejudgment interest and denied the State's motion in that respect.

■ The State also moved to suspend the interest on the principal balance of the award from October 14, 1978 until the date of entry of an amended judgment pursuant to subdivision 4 of section 19 of the Court of Claims Act. Under the statute, interest would be suspended on the award from the expiration of 30 days after notification by the Attorney-General requesting presentation of proper proofs and documents to the date when the requested papers were presented, unless otherwise ordered by the court. From our examination of the record in the present case, it appears that claimants were unable to obtain requested releases from certain mortgagees upon any terms and not because of any negligence or lack of effort on the part of claimants. It is the purpose of subdivision 4 of section 19 of the Court of Claims Act to penalize a claimant who deliberately or negligently fails to clear title to the property appropriated while interest continues to run on the award *(Schoepp v State of New York,* 69 AD2d 917, 918; *D'Agostino v State of New York,* 9 AD2d 724, 725). It is the opinion of this court that the conduct of the claimants in this case did not warrant an imposition of the penalty of a suspension of interest and, accordingly, the decision of the Court of Claims denying the State's motion in this regard should be affirmed.

The judgment and amended judgment should be affirmed, without costs.

Mahoney, P. J., Main, Casey and Herlihy, JJ., concur.

Judgment and amended judgment affirmed, without costs.