Noel Walter et al., Appellants, v State Bank of Albany et al., Respondents.

Third Department, April 3, 1980

---

### APPEARANCES OF COUNSEL

*Curtis, Warren & Fori (James W. Warren* of counsel), for appellants.

*McNamee, Lochner, Titus & Williams, P. C. (Stephen Reynolds* of counsel), for respondents.

## OPINION OF THE COURT

MAHONEY, P. J.

The facts in this case are not disputed. Plaintiffs are the owners of a parcel of land located in Greene County, having acquired that interest in 1971 through the purchase of the property at a foreclosure sale. The prior owners had mortgaged the property in 1961 and 1962 and on December 16, 1966, after commencing an action to foreclose on the property, the mortgagees filed a notice of pendency with the Greene County Clerk's office. Thereafter, while the foreclosure action was still pending, the defendant State Bank of Albany obtained a judgment for $948 against the prior owners and docketed said judgment in Greene County on May 6, 1968. The defendant bank was not joined in the foreclosure action and no measures were taken by it to collect on its judgment. On December 19, 1969, without an extension of the notice of pendency having been sought, a judgment of foreclosure on the property was entered. When the defendant bank sought to recover on its $948 judgment in 1976 by execution against the property, plaintiffs, who now owned the land, commenced this action to quiet title. Special Term, in granting defendants' cross motion for summary judgment, held that the monetary judgment obtained by defendant bank was not foreclosed by the judgment of foreclosure since the notice of pendency was over three years old and, thus, invalid. This appeal ensued.

We cannot agree with the conclusion reached by Special Term that the rights of the defendant bank were not foreclosed by entry of the judgment of foreclosure on December 19, 1969. It is our view that any lien on the realty created when the bank docketed its judgment against the prior owners on May 6, 1968 was extinguished by the judgment of foreclosure and that the defendant bank now has no claim against the plaintiffs' land.

The problem in this case stems from the passage of over three years between the December 16, 1966 date when the original mortgagees filed a notice of pendency and the December 19, 1969 date when the judgment of foreclosure was entered. It is conceded by all parties that had the judgment of foreclosure been entered *within* three years of the filing of the notice of pendency, the notice of pendency would have provided constructive notice of the existence of the pending foreclosure action (CPLR 6501), and the defendant bank, which docketed its judgment against the original owners some

17 months after the notice of pendency was filed, would be bound by the judgment of foreclosure (see Real Property Actions and Proceedings Law, § 1353, subd 3). In this case, however, three years and three days elapsed between the filing of the notice of pendency and entry of the judgment of foreclosure. Since a notice of pendency which has not been extended is only effective for three years from the date of filing (CPLR 6513), it is clear that had the defendant bank or any other judgment creditor docketed its judgment against the original owners during the three-day period preceding entry of the foreclosure judgment, the notice of pendency would have no effect, and any realty lien created would not be cut off by the judgment of foreclosure.

But what should the result be where, as here, the judgment creditor dockets his money judgment within the three-year period during which the notice of pendency is effective and provides constructive notice of the underlying claim? Should he benefit from the fortuitous failure of the original mortgagee to either enter his judgment of foreclosure within three years of the filing of the notice of pendency or move to extend the notice's duration? We think not and would refrain from reaching such a result absent a clear indication that such was the Legislature's intent. Special Term, in deciding to relieve the defendant bank of the knowledge they were statutorily presumed to have by virtue of docketing its judgment while a notice of pendency was in effect, has concluded that a notice of pendency which has expired should be treated as a nullity. The only authority cited to support this conclusion, *Skoler v Rimberg* (20 AD2d 580), is distinguishable since it involved a situation where a notice of pendency was filed before an action was commenced. The court in *Skoler* held the notice of pendency to be a nullity since the complaint was not timely served pursuant to a statute providing that a notice of pendency filed before the commencement of an action is effective "only if" the summons is served within 60 days after filing (former Civ Prac Act, § 120, now CPLR 6512). The applicable provision governing this case, which does not involve a notice of pendency filed prior to the commencement of an action, states that a notice of pendency "shall be effective for a period of three years from the date of filing" (CPLR 6513). Absent the conditional language contained in CPLR 6512, we see no reason to conclude, as did Special Term, that a notice of pendency which ceases to be effective after three years have

expired should be treated as a nullity. CPLR 6513, in limiting the duration of the effect of a notice of pendency, was meant to prevent a notice from acting as a cloud on title for unduly long periods of time (see *Carvel-Dari Freeze Stores v Lukon*, 219 NYS2d 716, 720, mod 18 AD2d 700, mot for lv to app dsmd 12 NY2d 1067) by relieving those who come upon a notice over three years old of the duty of inquiring into the disposition of that action (see *Schoepp v State of New York*, 69 AD2d 917).

However, where, as here, a creditor dockets his judgment within the effective period of the *lis pendens*, the statutory purpose of alerting such a creditor that the title to the property is subject to a challenge which, if finalized, will foreclose his lien, has been achieved. The effect of such notice is not automatically eradicated after the expiration of the three-year period unless the creditor re-dockets his judgment following such expiration of time. Accordingly, we conclude that plaintiffs' motion for summary judgment should have been granted and defendants' cross motion denied.

The order should be reversed, on the law, with costs; plaintiffs' motion for summary judgment granted and defendants' cross motion for summary judgment denied.

HERLIHY, J. (dissenting). The majority proceeds in part upon the premise that "notice" could have some legal bearing upon the status of the State Bank of Albany (Bank) as a judgment creditor (incumbrancer) whose lien arose after the *lis pendens* was filed. However, a judgment creditor is not an incumbrancer whose lien can be affected by any notice, actual or constructive, of other persons' rights. The lien of a judgment creditor arises as an operation of law upon proper filing and only issues as to matters of priority regarding the property subject to the lien remain.

The case of *Carvel-Dari Freeze Stores v Lukon* (219 NYS2d 716, 720, mod 18 AD2d 700, mot for lv to app dsmd 12 NY2d 1067) is inapplicable to the present case since it considered section 121-a of the former Civil Practice Act which appeared upon its face to be limited only to specifying that the notice of pendency would not be effective "as notice" after three years. The Legislative Studies and Reports (McKinney's Cons Laws of NY, Book 7B, CPLR 6513, pp 255-256) indicate that the revision as enacted in the CPLR was intended not just to eliminate the effectiveness of the *lis pendens* as "notice", and it is stated that "[c]learly, a stale notice of pendency should be

wholly ineffective for *any purpose* whatever." (Emphasis added.)

We agree that those persons who acquire interests in real property that are legally subject to *bona fides* or "notice" in regard to such interests would receive notice when they acquire their interest during the three-year period regardless of CPLR 6513, but that principle has no effect on the instant incumbrance.

The order appealed from should be affirmed.

SWEENEY and KANE, JJ., concur with MAHONEY, P. J.; STALEY, JR., and HERLIHY, JJ., dissent and vote to affirm in an opinion by HERLIHY, J.

Order reversed, on the law, with costs; plaintiffs' motion for summary judgment granted and defendants' cross motion for summary judgment denied.