■ PACIFIC LIME INCORPORATED, Appellant, v LOWENBERG CORPORATION et al., Respondents, et al., Defendants.—Appeals (1) from an order of the Supreme Court at Special Term, entered January 16, 1978 in Clinton County, which declared a judgment of foreclosure and sale to be null and void, (2) from an order of the same court, entered January 24, 1978 in Clinton County, which, *inter alia,* denied plaintiff's motion for leave to file an amended notice of pendency and to serve an amended complaint, and (3) from an order of the same court, entered January 14, 1980 in Clinton County, which denied plaintiff's motion to serve an amended complaint and supplemental summons. This action was duly commenced in October, 1969 to foreclose certain mortgages by plaintiff as assignee of the original mortgagee. The action was vigorously litigated by the defendants and a jury trial which commenced in 1974 was terminated by an open court stipulation of settlement whereby a judgment of foreclosure and sale was to be entered,

but sale of the property was to be delayed for a three-year period. The judgment was entered on February 8, 1974. About 34 months later, the defendants* moved at the foot of the judgment to have it declared "null and void" because of a failure to comply with section 1331 of the Real Property Actions and Proceedings Law. Section 1331 provides, in pertinent part, as follows: "The plaintiff, at least twenty days before a final judgment directing a sale is rendered, shall file * * * a notice of the pendency of the action". The purpose of a notice of pendency was described in *Mechanics Exch. Sav. Bank v Chesterfield* (34 AD2d 111, 113): "Its function is to carry out the public policy that a plaintiff's action shall not be defeated by an alienation of the property during the course of the lawsuit; otherwise, there would be no end of any suit, the justice of the court would be evaded and great difficulty would confront a suitor". It was further observed that, as to cases dealing with the commencement of an action (e.g., *Israelson v Bradley*, 308 NY 511, 515-516; *Lanzoff v Bader*, 13 AD2d 995), there was some authority that where a notice of pendency was declared invalid, "a new notice cannot be filed" *(Mechanics Exch. Sav. Bank v Chesterfield, supra*, p 114). The *Israelson* and *Lanzoff* cases did not deal with section 1331. In this case, the plaintiff had duly filed a notice of pendency at the time of the commencement of the action in October of 1969. CPLR 6513 provides that a notice of pendency is effective for three years from the date of its filing, and the motion of the defendants was based upon the legal effect of such ineffectiveness as to the requirement of section 1331 of the Real Property Actions and Proceedings Law that a notice be filed 20 days before entry of final judgment directing a sale. In the recent case of *Walter v State Bank of Albany* (73 AD2d 406), this court held that as to parties acquiring and/or perfecting an interest in real property after the expiration of a notice of pendency, the notice would have no effect (see, also, *Schoepp v State of New York*, 69 AD2d 917). However, as to interests acquired and/or perfected during the effective period of time for a notice of pendency, the *Walter* case holds that such parties are fully subject to the purpose to be served by the lien at that time. In the present case, the moving parties were concededly all duly joined in the proceeding as defendants prior to the expiration date of the notice of pendency and none objected to the entry of judgment. As to defendants, including the defendants-respondents, the expiration of a notice of pendency does not render the judgment of foreclosure null and void *(Walter v State Bank of Albany, supra)*. Accordingly, Special Term erred by inserting a provision in the order entered January 16, 1978 declaring that the judgment of foreclosure was null and void. Upon this appeal, the plaintiff does not seek a reversal of the order of January 16, 1980, but does contend that it should be established that the order was only a vacatur of the judgment, with no effect on the viability of the underlying action. We so hold. (See, e.g., *Spartan Concrete Corp. v Harbour Val. Homes*, 71 AD2d 950, 951.) The order entered January 24, 1978 denied a motion by plaintiff for leave to file an amended notice of pendency. Upon this appeal, the parties agree that leave to file a notice of pendency is not required under any circumstances and, therefore, the plaintiff is not aggrieved by that denial. The order entered January 14, 1980 denied a motion for leave to serve an amended complaint and a supplemental summons. As noted hereinabove, the notice of pendency expired, but it is still effective against the parties to this action, and the mortgage, of course, as a recorded instrument, remains effective as

---

* The defendants adopted the procedure of an order to show cause, but the title establishes it is a motion in the original proceeding.

notice of the rights of the plaintiff to all subsequently acquired interests in the real property. Since the action is being returned to the *status quo* prior to the entry of judgment, the plaintiff should be granted leave to file an amended complaint (see *Albany Crane Serv. v Pettibone Mulliken Corp.,* 54 AD2d 794). The case may proceed to judgment upon the filing of a new *lis pendens* within 20 days prior to the entry of judgment *(Robbins v Goldstein,* 36 AD2d 730), subject to appropriate proceedings as to new parties to the action. As to a supplemental summons, leave of court is not required (CPLR 305, subd [a]). Order entered January 16, 1978 modified, on the law, by striking so much of its decretal paragraph as states "is null and void and of no force and effect" and inserting "is vacated and recalled", and, as so modified, affirmed, without costs. Order entered January 24, 1978 affirmed, without costs. Order entered January 14, 1980 reversed, on the law, with costs to plaintiff, and motion granted to the extent of granting leave to serve an amended complaint. Mahoney, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.

