■ PACIFIC LIME INCORPORATED, Respondent, v LOWENBERG CORPORATION, Appellant, et al., Defendants. — Appeal from an order of the Supreme Court at Special Term (Viscardi, J.), entered February 1, 1984 in Clinton County, which, *inter alia,* denied defendant Lowenberg Corporation's motion to amend a judgment of foreclosure and sale.

In October, 1969 plaintiff instituted a mortgage foreclosure action, which terminated on January 17, 1974 during trial by an open court stipulation before Justice William Crangle. This stipulation provided for the entry of a judgment of foreclosure and sale on behalf of plaintiff, with the foreclosure sale itself delayed for a period of three years from the date of the entry of the judgment to give defendant an opportunity to seek a buyer for the property. Judgment thereon was duly entered in the Clinton County Clerk's office on February 8, 1974.

Almost three years later, defendant Lowenberg Corporation (hereafter defendant) and others moved to vacate this judgment on the ground that no notice of pendency was on file for 20 days prior to its entry (RPAPL 1331). It appeared that although the original notice of pendency had been filed with the commencement of the foreclosure action, it had expired in October, 1972 (CPLR 6513). Special Term (Graves, J.), by order entered January 16, 1978, granted defendant's motion and declared the judgment of foreclosure and sale null and void. On appeal, this court modified that order (*Pacific Lime v Lowenberg Corp.,* 77 AD2d 737, 739) by striking so much of the decretal paragraph as

stated that the judgment of foreclosure was " 'null and void and of no force and effect' " and inserting in lieu thereof that the judgment is " 'vacated and recalled' ". In so doing, this court granted plaintiff's request to permit it to amend its complaint to add as new parties any persons who acquired an interest in the property after the expiration of the notice of pendency and permitted the case to proceed to judgment upon the filing of a new *lis pendens* subject to appropriate proceedings as to new parties to the action, if any.

Upon the filing of the amended complaint and a new notice of pendency, plaintiff obtained an order for summary judgment from Special Term (Viscardi, J.) on December 9, 1982. Although initially a notice of appeal from this order was filed by defendant, the appeal was subsequently discontinued.

On October 4, 1983, plaintiff implemented the order granting it summary judgment by entry of the judgment of foreclosure and sale. On November 23, 1983, defendant moved to amend the judgment of foreclosure and sale to include the three-year stay of sale period imposed on the entry of the judgment of foreclosure by the original stipulation. Defendant's motion was denied by Special Term (Viscardi, J.) and this appeal ensued.

Contrary to defendant's contention, this court specifically held on the prior appeal that the original judgment was not null and void as to defendant herein and had no effect on the viability of the underlying action. It is noted that the original judgment of foreclosure and sale remained in effect and on record, without impairment, from February 8, 1974, when it was entered, until January 16, 1978, the date that Special Term's order declared it null and void. This period of almost four years afforded defendant more time to find a buyer than the original stipulation required. It would be improper to again tack a three-year period onto the judgment of foreclosure entered October 4, 1983, and Special Term was correct in refusing to amend the judgment of foreclosure to do so.

Furthermore, there is no merit in defendant's argument that Special Term erred in not referring the motion to Justice Crangle. Defendant's motion sought to modify the terms of the judgment of foreclosure and sale of Justice Viscardi, signed September 15, 1983 and entered October 4, 1983, not the original judgment of Justice Crangle. Nor was there any error in allowing plaintiff statutory interest, since the original judgment remained viable against defendant, as previously noted (see *Gross v Lichtman,* 44 AD2d 554). The allowance of interest is especially appropriate where it was defendant who attempted to

strike the original judgment and occasioned the delay. The order of Special Term should be affirmed.

Order affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.