■ THELMA SANDERS & ASSOCIATES, INC., Respondent, v HAGUE DEVELOPMENT CORP. et al., Appellants.—In an action for a judgment declaring a constructive trust in real property, the defendants appeal from an order of the Supreme Court,

Rockland County (Edelstein J.), dated November 20, 1986, which denied their motion to vacate a prior order of the same court, entered July 2, 1986, and to cancel the notice of pendency filed by the plaintiff, and which granted the plaintiff's cross motion to direct the County Clerk of Warren County to record and index nunc pro tunc as of October 24, 1985, a prior order of the same court, dated October 23, 1985.

Ordered that the order is affirmed, with costs.

The plaintiff filed a notice of pendency in this action on October 25, 1982. By order to show cause dated October 23, 1985, the plaintiff moved for an order extending the period of effectiveness of the notice of pendency. The order to show cause, signed by Justice Kelly on October 23, 1985, also provided that the notice of pendency would be thereby extended pending the hearing and determination of the plaintiff's motion and the filing of the order of the court granting or denying the motion with the Clerk of Warren County. The plaintiff filed the signed order to show cause with the County Clerk of Warren County on October 24, 1985. However, the clerk failed to record or index the extension order.

CPLR 6513 provides, in relevant part, that "[a]n extension order shall be filed, recorded and indexed before expiration of the prior period [of the notice of pendency]."

The plaintiff should not lose the effect of the notice of pendency due to the failure of the County Clerk to record and index the extension order (see, Manton v Brooklyn & Flatbush Realty Co., 217 NY 284). Since the order was timely obtained and filed before expiration of the notice of pendency, it was proper for the court to direct the recording and indexing of the order nunc pro tunc as of October 24, 1985, the date of the filing of the order (cf., Carvel Dari-Freeze Stores v Lukon, 219 NYS2d 716, mod on other grounds 18 AD2d 700, lv dismissed 12 NY2d 647). Mangano, J. P., Niehoff, Kunzeman and Kooper, JJ., concur.