OPINION OF THE COURT
Richard D. Huttner, J.
Before the court is plaintiff’s motion by order to show cause for an order extending the duration of a lis pendens. The lis pendens which was filed on April 1, 1986 expired pursuant to CPLR 6513 and General Construction Law § 20 three years later at midnight, Friday, April 1, 1989. Plaintiff maintains that since April 2, 1989 was a Saturday, both County Law § 902 and General Construction Law § 20 would allow the lis pendens extension order to be filed on the next business day, or Monday, April 3, 1989. Even so, plaintiff failed to file, *862 record and index an extension order on April 3, 1989. Rather, plaintiff merely moved by order to show cause seeking, in the first instance, an extension. This does not satisfy the statutory requirements of CPLR 6513 which provides, in pertinent part: "Before expiration of a period * * * the court, upon motion of the plaintiff * * * for good cause shown, may grant an extension * * *. An extension order shall be filed, recorded and indexed before expiration of the prior period.” (Emphasis added.) This court should not extricate the plaintiff from his failure to timely move where to do so would violate the plain language of the statute which contemplates that an order granting extension at least exist, or have been applied for by the expiration date, even if it has not yet been filed, indexed and recorded. An application to grant an extension should be sought in advance of the termination of the prior period not at its expiration. (See, 7A Weinstein-Korn-Miller, NY Civ Prac, ¶ 6513.03; 13 Carmody-Wait 2d, NY Prac § 87:48; cf., Sanders & Assocs. v Hague Dev. Corp., 131 AD2d 462.)
Moreover, an extension order should not be granted without a showing of good cause, and in this regard plaintiff is likewise deficient. The action was marked off the calendar on June 17, 1987, and was not timely restored pursuant to CPLR 3404. There is no indication whatsoever that plaintiff has vigorously pursued this action. Indeed, under the totality of the circumstances the sole inference that can be drawn from plaintiff’s neglect vis-á-vis the lis pendens and the underlying action as well, is that the plaintiff abandoned the matter.
Accordingly, plaintiff’s motion is denied.