OPINION OF THE COURT
Harry Richard Brown, J.
The plaintiff, Yaphank Development Company, Inc., entered into a contract with the defendants Joel Heller and Carol Heller, to construct an industrial building on property located in Islandia, New York. Apparently, in order to save money on financing the building, title to the property was conveyed to the defendant, Town of Islip Industrial Development Agency *621 (hereinafter referred to as the IDA), and the Hellers were given a long-term lease with a right of title. On March 2, 1988, the plaintiff filed a notice of mechanic’s lien with the IDA, allegedly because the Hellers had failed to pay a balance due of $185,752.61. Shortly thereafter this action was commenced.
The defendants now move for summary judgment, dismissing the third and fourth causes of action against the IDA, on the ground that the plaintiff failed to comply with section 18 of the Lien Law. Specifically, they allege that no notice of pendency has ever been filed with the IDA. They allege that this omission requires a discharge of the plaintiff’s lien, and therefore, a dismissal of the third and fourth causes of action, since they are based upon said lien.
The plaintiff opposes this motion and cross-moves for an order permitting the plaintiff to file a duplicate notice of pendency with the IDA. The plaintiff claims that a notice of pendency was in fact filed; however, such notice of pendency was filed with the Clerk of Suffolk County instead of the IDA. The plaintiff contends that the only purpose of filing a notice of pendency was to give notice of the plaintiff’s claim, and to prevent the Hellers from paying off the IDA’s bond and selling the land. The plaintiff asserts that allowing it to file a duplicate notice of pendency will not harm the general scheme of the Lien Law, and that the interest of no other party will be adversely affected.
It is well established that in order to grant summary judgment it must clearly appear that no material issues of fact have been presented (Museums at Stony Brook v Village of Patchogue Fire Dept., 146 AD2d 572). A court’s function on a motion for summary judgment is limited to issue finding, not issue determination (Pantote Big Alpha Foods v Schefman, 121 AD2d 295). However, once a defendant has made a prima facie showing that the cause of action has no merit, the burden shifts to the plaintiff to lay bare whatever proof it may have to show that issues of fact exist (Cohen v City of New York, 128 AD2d 748). In the present case, the plaintiff has failed to come forward with sufficient evidence to create a genuine triable issue, such as would defeat the defendants’ motion for summary judgment on the third and fourth causes of action.
The court is aware of the fact that equity makes every effort to aid in procuring payments to building contractors for *622 materials supplied and work performed when it can be done within the spirit of the Lien Law and within the court’s power (Kennedy & Co. v New York World’s Fair 1939, 260 App Div 386, affd 288 NY 494). However, liberal construction of the Lien Law is not without limits, and the court cannot change or dispense with the requirements of the statute (see, Tri-City Elec. Co. v People, 96 AD2d 146, appeal dismissed 61 NY2d 833, affd 63 NY2d 969). Lien Law § 18 provides in part: "If the lien is for labor done or materials furnished for a public improvement, it shall not continue for a longer period than six months from the time of filing the notice of such lien, unless an action is commenced to foreclose such lien within that time, and a notice of pendency of such action is filed with the comptroller of the state or the financial officer of the public corporation with whom the notice of such lien was filed”. Here, there is no question that the plaintiff properly filed its notice of mechanic’s lien and timely commenced the action. The issue is whether filing the notice of pendency with the County Clerk fulfills the requirement of section 18.
It is important to note that a public improvement mechanic’s lien does not attach to the real property upon which the improvement is constructed; rather, it attaches to any money that the public corporation may have appropriated for the purpose of making the improvements (Kennedy & Co. v New York World’s Fair 1939, supra). It follows that the notice of pendency in an action to foreclose a public improvement mechanic’s lien cannot be filed with the Clerk of the county in which the property is located, as the lien attaches to no real property (see, Yula Corp. v Wassil Heating & Air Conditioning Corp., 73 Misc 2d 343). Accordingly, the plaintiffs filing of the notice of pendency with the County Clerk served no purpose. In addition, the fact that the IDA had notice of the lawsuit, does not change the requirements of section 18, so as to continue the lien (see, National Lbr. Co. v Brau & Son, 237 App Div 426).
The filing of a notice of pendency with the financial officer of the public corporation is not a technical direction, the violation of which can simply be disregarded. The requirement that a notice of pendency be filed is a condition which must be fulfilled by the lienor if it wants its lien to continue to be valid and enforceable. Failure to file the notice of pendency within the prescribed period destroys the lien. The statute is self-operative, and the lien is discharged without further order or action (see, White v McLean & Sons, 235 App Div 342). *623 Once lapsed, a court is without power to revive it by permitting the filing, nunc pro tune (Carvel Dari-Freeze Stores v Lukon, 219 NYS2d 716, mod on other grounds 18 AD2d 700).
Therefore, no issue of fact exists. The plaintiff failed to preserve its lien by properly filing a notice of pendency with the financial officer of the IDA. Inasmuch as the lien has lapsed, there is no lien upon which to base the third and fourth causes of action. Accordingly, the defendants’ motion for summary judgment on the third and fourth causes of action is granted, and the plaintiff’s cross motion to file a duplicate notice of pendency is denied.