■ MARIO CHIULLI et al., Appellants, v HARRY REITER et al., Respondents, et al., Defendants.—In an action, *inter alia,* to set aside the authorization of a mortgage given by the officers and directors of Cross Westchester Development Corp., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Di Noto, J.), dated September 14, 1989, which granted the motion of the defendant Citytrust to dismiss the plaintiffs' sixth cause of action to set aside a mortgage held by Citytrust on certain property.

Ordered that the order is affirmed, with one bill of costs, payable to the respondents appearing separately and filing separate briefs.

Business Corporation Law § 911 states that the board of directors "may authorize any mortgage * * * of * * * all or any part of the corporate property, or any interest therein. Unless the certificate of incorporation provides otherwise, no vote or consent of shareholders shall be required to approve such action by the board". Since the certificate of incorporation of Cross Westchester Development Corp. does not restrict the authority of its board of directors to mortgage corporate property, it was within the board's power to authorize the subject mortgage. The fact that there is a clause in the by-laws restricting corporate action without a majority vote of the shareholders is, in this respect, of no effect, and the plaintiffs' argument based on that clause fails *(see, Polchinski Co. v Cemetery Floral Co.,* 79 AD2d 648, 649; *see, Model, Roland & Co. v Industrial Acoustics Co.,* 16 NY2d 703, 705).

In a prior appeal involving these parties, *Chiulli v Cross Westchester Dev. Corp.* (134 AD2d 559), this court canceled a notice of pendency filed against the subject property on December 2, 1985, since a prior notice of pendency regarding the same property and action had been canceled because of their failure to effect timely service of process. A plaintiff "cannot avoid the mandatory statutory requirements of CPLR 6512 and 6514 (a) simply by refiling the notice of pendency" *(Gargano v Rubin,* 130 AD2d 709, 710). Furthermore, "[a] *lis pendens,* invalid for failure to comply with the mandate of the statute, is a nullity; it cannot be validated by reason of any act done or any knowledge acquired by third parties" *(Skoler v*

*Rimberg,* 20 AD2d 580, 581). Thus, properly characterizing the plaintiffs' notice of pendency filed December 2, 1985, as a nullity, it is clear that it never had any legal significance and did not provide Citytrust with constructive notice of any intended legal protection to the plaintiffs. Therefore, the sixth cause of action challenging the mortgage held by Citytrust, was properly dismissed. Mangano, P. J., Bracken, Brown and Balletta, JJ., concur.