Caldara v Monti (2018 NY Slip Op 07283)





Caldara v Monti


2018 NY Slip Op 07283


Decided on October 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SANDRA L. SGROI
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2016-12103
 (Index No. 602498/16)

[*1]Anthony Caldara, appellant, 
v
Alice M. Monti, as executrix of the estate of Robert R. Monti, et al., respondents.


Gerard J. McCreight, Babylon, NY, for appellant.
Fidelity National Law Group, New York, NY (David J. Wolkenstein of counsel), for respondents Sergio Lobato and Silvia Lobato.



DECISION & ORDER
In an action, inter alia, for specific performance of a contract for the sale of real property, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), dated September 28, 2016. The order, insofar as appealed from, granted the motion of the defendants Sergio Lobato and Silvia Lobato pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them and to cancel the notices of pendency filed by the plaintiff against the subject property, and granted those branches of the motion of the defendant Alice M. Monti, as executrix of the estate of Robert R. Monti, which were pursuant to CPLR 3211(a) to dismiss the first and fourth causes of action insofar as asserted against her.
ORDERED that the order is affirmed insofar as appealed from, with costs payable to the defendants Sergio Lobato and Silvia Lobato.
On January 14, 2015, the plaintiff commenced an action against Robert Monti (hereinafter the decedent) for specific performance of a written contract which the plaintiff alleged was entered into by the parties on August 2, 2013 (hereinafter the prior action). The plaintiff alleged that, pursuant to the written contract, the decedent agreed to sell an undeveloped parcel of land located in Hauppauge (hereinafter the subject property) to the plaintiff for the sum of $150,000. On January 15, 2015, the plaintiff, unaware that the decedent had died on May 16, 2014, filed a notice of pendency of the prior action against the subject property (hereinafter the 2015 notice of pendency). Subsequently, on October 29, 2015, the defendant Alice M. Monti, as executrix of the decedent's estate (hereinafter the executrix), sold the subject property to the defendants Sergio Lobato and Silvia Lobato (hereinafter together the Lobatos).
At some point in time, the plaintiff learned of the death of the decedent and thereafter commenced this action in January 2016 against the executrix and the Lobatos and filed another notice of pendency against the property. The Lobatos moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint insofar as asserted against them and to cancel the notices of pendency. The executrix separately moved pursuant to CPLR 3211(a)(1), (7), and (8) to dismiss the complaint insofar as asserted against her. The Supreme Court, inter alia, granted the Lobatos' motion and granted those branches of the executrix's motion which were to dismiss the first cause of action, [*2]seeking specific performance of the contract, and the fourth cause of action, seeking rescission of the deed conveying the subject property to the Lobatos, insofar as asserted against her. The plaintiff appeals.
We agree with the Supreme Court that, accepting the facts as alleged in the complaint as true and according the plaintiff the benefit of every possible favorable inference, the complaint failed to state a cause of action for either specific performance or rescission of the deed (see Rojas v Paine, 101 AD3d 843, 846; see also Acocella v Bank of N.Y. Mellon, 127 AD3d 891, 892-893). The prior action and the 2015 notice of pendency were legal nullities because of the decedent's death in 2014 (see Marte v Graber, 58 AD3d 1). Thus, the Lobatos were bona fide purchasers for value of the subject property since neither the prior action nor the 2015 notice of pendency provided the Lobatos with "knowledge of facts that would lead a reasonably prudent purchaser to make inquiry" (Berger v Polizzotto, 148 AD2d 651, 652, quoting Morrocoy Mar. v Altengarten, 120 AD2d 500, 500 [internal quotation marks omitted]; see Chiulli v Reiter, 173 AD2d 672, 673; Skoler v Rimberg, 20 AD2d 580, 581).
Accordingly, we agree with the Supreme Court's determination to grant the Lobatos' motion to dismiss the complaint insofar as asserted against them and to cancel the notices of pendency, and its determination to grant those branches of the executrix's motion which were to dismiss the first and fourth causes of action insofar as asserted against her.
LEVENTHAL, J.P., SGROI, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court