■ ALBERTO TOMEI et al., Respondents, v ANTHONY J. PIZZI-TOLA et al., Appellants.—Harvey, J. Appeal from an order of the Supreme Court (Prior, Jr., J.), entered April 22, 1987 in Albany County, which granted plaintiffs' motion to extend the notice of pendency for a three-year period.

In June 1981, plaintiffs commenced an action against defendants seeking, *inter alia,* a determination of ownership rights with respect to a parcel of real property located in the Town of Bethlehem, Albany County. A notice of pendency was filed in the office of the County Clerk at the time the action was commenced. In April 1984, plaintiffs moved to extend the notice of pendency for an additional three years pursuant to CPLR 6513. Plaintiffs alleged that delay in the prosecution of the action had been caused by defendants' failure to cooperate in discovery proceedings. Defendants did not contest the motion. Supreme Court granted the motion, extending the notice of pendency until April 27, 1987.

On March 17, 1987, plaintiffs filed their note of issue. Simultaneously therewith, they moved for another order extending the duration of the notice of pendency. Plaintiffs alleged that the extension was necessary since the Supreme Court Clerk had informed them that, due to calendar congestion, it would be at least one year before the case was reached for trial. Supreme Court granted the motion and ordered that the notice of pendency be extended to June 12, 1990. Defendants appeal from this order.

Defendants contend that Supreme Court erred in granting plaintiffs' motion to extend the notice of pendency. CPLR 6513 states that a notice of pendency remains in effect for a period of three years from the date it is filed. The statute goes on to provide that: "Before expiration of a period or extended period, the court, upon motion of the plaintiff and upon such notice as it may require, for good cause shown, may grant an extension for a like additional period" (CPLR 6513). The statutory prerequisite for granting an extension is a showing

of good cause. Even when good cause is shown, the use of the word "may" indicates that it is still a matter addressed to the discretion of the court as to whether to grant the extension. Here, plaintiffs demonstrated that, despite the fact that a note of issue had been filed, the action was not expected to reach trial for at least a year, at which time the notice of pendency would have expired. Supreme Court's conclusion that this constituted good cause to extend the notice of pendency was not an abuse of discretion.

Defendants argue that plaintiffs failed to diligently prosecute their case and, thus, that the extension should not have been granted. CPLR 6514 (b) provides the court with discretion to cancel a notice of pendency when an aggrieved party makes an appropriate motion in a situation where the plaintiff has failed to commence or prosecute the action in good faith. However, in the instant case, defendants never made such a motion. Further, defendants neither pursued the general remedy afforded by CPLR 3216 to a party faced with a plaintiff who fails to promptly prosecute an action nor the remedy provided by CPLR 6515 to gain release by posting a security. A review of the record reveals that, although an earlier filing of the note of issue by plaintiffs may very well have been possible, plaintiffs' actions do not necessarily imply a lack of good faith in the prosecution of the action. Additionally, there is evidence that some of the over-all delay in the progress of the litigation is attributable to defendants. While we are not holding that delays by a plaintiff may not be considered by the court when determining whether good cause for an extension has been shown under CPLR 6513, we do find that under the circumstances of this case, particularly in light of the fact that the note of issue has been filed, Supreme Court did not abuse its discretion in finding good cause to grant the extension. By preserving its power over the property, Supreme Court has retained its ability to effect justice in this soon to be tried lawsuit *(see, 5303 Realty Corp. v O & Y Equity Corp.,* 64 NY2d 313, 319).

Order affirmed, without costs. Kane, J. P., Mikoll, Yesawich, Jr., Harvey and Mercure, JJ., concur.