■ L & L PAINTING Co., INC., Plaintiff, v COLUMBIA SUSSEX CORPORATION, Respondent, ANRON AIR SYSTEMS, INC., Appellant, et al., Defendants. [639 NYS2d 491]

The appellant asserted a cross claim and a counterclaim for foreclosure of its own mechanic's lien when it was named as a defendant in this action, as it was required to do (see, Lien Law § 44 [5]). The amended notice of pendency filed by the plaintiff continued the appellant's mechanic's lien (see, Lien Law § 17). The appellant, a plaintiff for purposes of its own claims (see, CPLR 3019 [d]), is, therefore, a proper party to seek an extension of the plaintiff's amended notice of pendency in order to preserve its own mechanic's lien, which would otherwise terminate (see, CPLR 6513; Lien Law § 19 [2]; Gebhardt v Charleston Chems., 133 NYS2d 764).

The appellant demonstrated good cause for the extension (see, CPLR 6513). The plaintiff promptly filed a note of issue when it obtained a one-year extension of its amended notice of pendency. However, 11 months later, the Supreme Court had not yet scheduled a trial date, necessitating the appellant's mo-

tion for a further extension of the amended notice of pendency. There is no evidence in the record that the delay was attributable to the appellant *(see, Tomei v Pizzitola,* 142 AD2d 809). Consequently, the amended notice of pendency is extended for another year *(see, Stassou v Casini & Huang Constr.,* 203 AD2d 357). Balletta, J. P., Thompson, Pizzuto and Altman, JJ., concur.