■ RKO PROPERTIES, LTD., Appellant, v SHAYA BOYMELGREEN et al., Respondents, et al., Defendants. [818 NYS2d 918]—

In an action for specific performance of a contract for the sale of real property and to recover damages, inter alia, for tortious interference with contractual relations and breach of contract, the plaintiff appeals from an order of the Supreme Court, Queens County (Kitzes, J.), dated March 2, 2006, which denied its motion pursuant to CPLR 6513 to extend a notice of pendency.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the notice of pendency dated November 14, 2002, regarding the property known as Block 4958, Lot 48, and further known as 135-29 through 135-45 Northern Boulevard, Flushing, Queens County, New York, is extended for a period of one year from the date of this decision and order, up to and including July 18, 2007.

The plaintiff filed a notice of pendency in this action on November 15, 2002. By order to show cause dated November 9, 2005, the plaintiff moved to extend the notice of pendency. The order to show cause provided that the notice of pendency would be extended pending the hearing and determination of the plaintiff's motion and required that the order be filed, recorded, and indexed prior to the expiration period in the office of the Clerk of the County of Queens. The order to show cause also provided that service of the order had to be made by overnight carrier on or before November 15, 2005. The Supreme Court denied the plaintiff's motion to extend the notice of pendency on the ground that the plaintiff failed to timely serve and file the order to show cause prior to the expiration of the existing notice of pendency. We reverse.

The plaintiff filed, recorded, and indexed the order to show cause with the Clerk of Queens County on November 14, 2005 and served the defendants by overnight carrier on November 15, 2005. Accordingly, contrary to the Supreme Court's determination, the plaintiff met the requirements of the order to show cause prior to the expiration of the existing notice of pendency (*see Thelma Sanders & Assoc. v Hague Dev. Corp.,* 131 AD2d 462, 463 [1987]; *cf. Matter of Sakow,* 97 NY2d 436 [2002]). Further, a party seeking to extend a notice of pendency must first make a showing of good cause (*see* CPLR 6513; *EMC Mtge. Corp. v Stewart,* 2 AD3d 772, 773 [2003]; *Horowitz v Griggs,* 2 AD3d 404, 405 [2003]). Here, the plaintiff made a showing of good cause in support of its motion. Thus, the Supreme Court should have granted the motion to extend the notice of pendency. Miller,

J.P., Luciano, Rivera and Spolzino, JJ., concur. [*See* 11 Misc 3d 1070(A), 2006 NY Slip Op 50451(U) (2006).]