(December 23, 2008)

■ AAMES FUNDING CORPORATION, Respondent, v LEONARD W. HOUSTON et al., Appellants, et al., Defendants. [872 NYS2d 134]—

A notice of pendency is valid for three years from the date of filing. A party seeking to extend a notice of pendency for an additional three-year period must first make a showing of good cause (*see* CPLR 6513; *Matter of Sakow*, 97 NY2d 436, 442 [2002]; *RKO Props., Ltd. v Boymelgreen*, 31 AD3d 625 [2006]). Here, the plaintiff established good cause for extending the notice of pendency by showing that the instant foreclosure action

was automatically stayed as a result of one of the appellants having filed for bankruptcy (*see Stassou v Casini & Huang Constr.*, 203 AD2d 357 [1994]).

The appellants' challenge to the plaintiff's standing is not properly before this Court, as we are bound by the law of the case established by the decision and order on the prior appeal of this matter (*see Aames Funding Corp. v Houston*, 44 AD3d 692, 693 [2007]; *see generally Abbas v Cole*, 44 AD3d 31, 37 [2007]). In any event, even if the law of the case doctrine was inapplicable, the defendants waived the defense of standing by not raising it as an affirmative defense or by way of motion to dismiss (*see* CPLR 3211 [e]; *Matter of Fossella v Dinkins*, 66 NY2d 162, 167-168 [1985]; *Wells Fargo Bank Minn., N.A. v Mastropaolo*, 42 AD3d 239, 242-243 [2007]). Fisher, J.P., Florio, Carni and Chambers, JJ., concur.