(June 28, 2011)

■ AAMES FUNDING CORPORATION, Respondent, v LEONARD W. HOUSTON, Appellant, et al., Defendants. [926 NYS2d 639]—

In an action to foreclose a mortgage, the defendant Leonard W. Houston appeals from an order of the Supreme Court, Orange County (Cohen, J.), dated October 21, 2010, which denied his motion to stay a foreclosure sale until a determination of his application for a residential mortgage modification pursuant to the Home Affordable Mortgage Program.

Ordered that the order is reversed, on the law and in the exercise of discretion, with costs, and the appellant's motion is granted.

On August 15, 2006, a judgment of foreclosure and sale was entered against the appellant and in favor of the plaintiff. In January 2008 the Supreme Court granted a motion by the plaintiff to extend a notice of pendency for an additional three years. By letter dated December 10, 2009, the loan servicer, America's Servicing Company (hereinafter ASC), notified the defendant Leonard W. Houston (hereinafter the appellant) that he might be eligible for the federal Home Affordable Mortgage Program (hereinafter HAMP). As a result, the appellant submitted an application to ASC. On March 24, 2010, the United States Department of the Treasury issued Supplemental Directive 10-02, which stated, in pertinent part, that "[a] servicer may not refer any loan to foreclosure or conduct a scheduled foreclosure

sale *unless* and *until* . . . [t]he borrower is evaluated for HAMP and is determined to be ineligible for the program."

By letter dated April 30, 2010, ASC notified the appellant that his loan was "currently under review by [ASC's] Loss Mitigation Department for a loan modification," and that ASC "currently [had] all the necessary information." ASC informed the appellant that he would "be contacted with the outcome of the review or if any additional information [was] needed." The appellant sent additional documents to ASC on July 2, 2010, and August 5, 2010. Meanwhile, the plaintiff published a notice of a foreclosure sale scheduled for August 26, 2010.

By order to show cause dated August 23, 2010, the appellant moved for an emergency stay of the foreclosure sale pending a determination on his application for a residential mortgage modification pursuant to HAMP. The plaintiff opposed the appellant's application, and requested an order "directing that the foreclosure sale take place immediately." The plaintiff argued that Supplemental Directive 10-2 was "no longer in effect and was superseded by the Making Home Affordable Handbook," and, therefore, that directive was "not controlling." By order dated October 21, 2010, the Supreme Court denied the appellant's motion, vacated all stays imposed by the court, and permitted the plaintiff to proceed with the foreclosure sale. We reverse.

The record establishes that ASC participated in the HAMP program and accepted the appellant's application for loan modification under the HAMP program. Under the circumstances, the plaintiff should not have scheduled a foreclosure sale while the appellant's loan modification application was pending (*see In re Cruz v Hacienda Assoc., LLC,* 446 BR 1 [2011]). The plaintiff contends that the appellant is not entitled to a stay of the foreclosure sale because Supplemental Directive 10-2 was superseded by the Making Home Affordable Program Handbook. However, Version 2.0 of the "Making Home Affordable Program Handbook," in effect at the time the order appealed from was issued, contained the same language as Directive 10-2, to wit: "[a] servicer may not refer any loan to foreclosure or conduct a scheduled foreclosure sale *unless and until* . . . [t]he borrower is evaluated for HAMP and is determined to be ineligible for the program" (at 28 [emphasis added]). Accordingly, the Supreme Court should have granted the appellant's motion to stay the foreclosure sale pending a determination of his application for a residential mortgage modification pursuant to HAMP.

As we previously stated on a prior appeal in this matter, the

appellant's contention that the plaintiff lacked standing to commence the foreclosure action is barred by the doctrine of law of the case (*see Aames Funding Corp. v Houston*, 57 AD3d 808 [2008]).

In light of our determination, we need not reach the appellant's remaining contentions. Dillon, J.P., Covello, Chambers and Roman, JJ., concur.