■ HSBC Bank USA, National Association, as Trustee under the Pooling and Servicing Agreement Dated as of September 1, 2006, Freemont Home Loan Trust 2006-C, Respondent, v Keith Simms et al., Appellants, et al., Defendants. [14 NYS3d 701]—

In an action, inter alia, to determine the rights of the parties with respect to certain real property, the defendants Keith Simms, Gloria Lewis, also known as Gloria Simms, and Michele M. Simms Parris appeal from an order of the Supreme Court, Kings County (Partnow, J.), dated May 14, 2013, which granted the plaintiff's motion to compel discovery and the plaintiff's separate motion to extend the term of a notice of pendency on the subject property.

Ordered that the appeals by the defendants Keith Simms and Gloria Lewis, also known as Gloria Simms, are dismissed as abandoned in accordance with the rules of this Court (Rules of App Div, 2d Dept [22 NYCRR] § 670.8 [e]); and it is further,

Ordered that the order is affirmed insofar as appealed from by the defendant Michele M. Simms Parris; and it is further,

Ordered that one bill of costs is awarded to the plaintiff payable by the defendant Michele M. Simms Parris.

The plaintiff commenced this action in December 2009, at which time it filed a notice of pendency on the subject property. Following joinder of issue, the plaintiff served discovery demands and notices for depositions on the defendants Keith Simms, Gloria Lewis, also known as Gloria Simms, and Michele M. Simms Parris (hereinafter collectively the Simms defendants). The Simms defendants moved for summary judgment dismissing the complaint insofar as asserted against them on the ground of, inter alia, the plaintiff's lack of standing. This motion was denied in an order dated November 21, 2011. In February 2012, the Simms defendants filed a second motion for summary judgment dismissing the complaint insofar as asserted against them; this motion was ultimately withdrawn. The plaintiff then moved to compel discovery, and separately moved to extend the term of the notice of pendency on the subject property.

The Supreme Court properly granted the plaintiff's motion to extend the term of the notice of pendency on the subject property. The plaintiff met the requirements of CPLR 6513, by moving prior to the expiration of the existing notice of pendency, and by making a showing of good cause in support of the motion (see Matter of Sakow, 97 NY2d 436, 442 [2002]; RKO Props., Ltd. v Boymelgreen, 31 AD3d 625 [2006]; EMC Mtge. Corp. v Stewart, 2 AD3d 772, 773 [2003]).

Furthermore, the Supreme Court properly granted the plaintiff's motion to compel compliance with its discovery requests (see JRP Old Riverhead Ltd. v Town of Southampton, 73 AD3d 1130, 1132 [2010]), including its request that the Simms defendants appear for depositions (see M.C. v Sylvia Marsh Equities, Inc., 103 AD3d 676 [2013]).

As the issue of standing was not addressed in the order appealed from, and no appeal was taken from the order dated November 21, 2011, the contention regarding the plaintiff's lack of standing is not properly before this Court. Mastro, J.P., Austin, Sgroi and Barros, JJ., concur.