HSBC Bank USA, N.A. v Simms (2018 NY Slip Op 05453)





HSBC Bank USA, N.A. v Simms


2018 NY Slip Op 05453


Decided on July 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2016-07445
 (Index No. 33094/09)

[*1]HSBC Bank USA, National Association, respondent,
v
Keith Simms, et al., defendants, Michele M. Simms Parris, appellant.


Michele M. Simms Parris, Brooklyn, NY, appellant pro se.
Weiss Zarett Brofman Sonnenklar & Levy, P.C., New Hyde Park, NY (Michael J. Spithogiannis of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to determine the rights of the parties with respect to certain real property, the defendant Michele M. Simms Parris appeals from an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated April 7, 2016. The order, inter alia, granted the plaintiff's motion to extend a notice of pendency, and denied the motion of the defendant Michele M. Simms Parris to vacate a prior order of the same court dated April 1, 2015, inter alia, granting that branch of the plaintiff's motion which was for leave to enter a default judgment against that defendant.
ORDERED that the order dated April 7, 2016, is affirmed, with costs.
The background facts as to this action are set forth in this Court's decision and order on a companion appeal (see HSBC Bank USA, N.A. v Simms, ___ AD3d ___ [Appellate Division Docket No. 2015-08198; decided herewith]). Upon the failure of the defendant Michele M. Simms Parris (hereinafter the appellant) to provide court-ordered discovery, her answer and affirmative defenses were stricken. In an order dated April 1, 2015, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was for leave to enter a default judgment against the appellant. Subsequently, the plaintiff moved to extend a notice of pendency on the subject property, and the appellant moved to vacate the order dated April 1, 2015. In the order appealed from, the court granted the plaintiff's motion, and denied the appellant's motion.
We agree with the Supreme Court's determination to deny the appellant's motion to vacate the order entered upon her answer being stricken. The appellant failed to demonstrate a reasonable excuse for the default in providing court-ordered discovery or a potentially meritorious defense to the action (see JP Morgan Mtge. Acquisition Corp. v Hayles, 113 AD3d 821, 822).
We also agree with the Supreme Court's determination to grant the plaintiff's motion to extend the notice of pendency on the subject property (see RKO Props., Ltd. v Boymelgreen, 31 AD3d 625, 626).
The appellant's remaining contentions are not properly before this Court.
DILLON, J.P., CHAMBERS, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court