HSBC Bank USA, N.A. v Simms (2018 NY Slip Op 05452)





HSBC Bank USA, N.A. v Simms


2018 NY Slip Op 05452


Decided on July 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2015-08198
2015-08200
 (Index No. 33094/09)

[*1]HSBC Bank USA, National Association, respondent,
v
Keith Simms, et al., defendants, Michele M. Simms Parris, appellant.


Michele M. Simms Parris, Brooklyn, NY, appellant pro se.
Weiss Zarett Brofman Sonnenklar & Levy, P.C., New Hyde Park, NY (Michael J. Spithogiannis of counsel), for respondent.
In an action, inter alia, to determine the rights of the parties with respect to certain real property, the defendant Michele M. Simms Parris appeals from (1) an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated October 22, 2013, and (2) stated portions of an order of the same court dated April 1, 2015. The order dated October 22, 2013, insofar as appealed from, granted that branch of the plaintiff's unopposed cross motion which was to strike the answer of the defendant Michele M. Simms Parris, unless that defendant complied with the plaintiff's discovery demands within a specified time. The order dated April 1, 2015, inter alia, granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant Michele M. Simms Parris and to sever the issue of damages with respect to the cause of action against that defendant from the cause of action against the defendant Emigrant Mortgage Company, Inc., and denied that branch of the cross motion of the defendant Michele M. Simms Parris which was to impose sanctions against the plaintiff pursuant to 22 NYCRR 130-1.1.



DECISION & ORDER
Motion by the plaintiff, inter alia, to dismiss the appeal from so much of the order dated October 22, 2013, as determined its unopposed cross motion on the ground that no appeal lies from that portion of the order as it was entered upon the default of the appealing party. By decision and order on motion of this Court dated May 27, 2016, that branch of the motion which is to dismiss the appeal from so much of the order dated October 22, 2013, as determined the plaintiff's unopposed cross motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeals, it is
ORDERED that the branch of the plaintiff's motion which is to dismiss the appeal from so much of the order dated October 22, 2013, as determined its unopposed cross motion is granted; and it is further,
ORDERED that the appeal from so much of the order dated October 22, 2013, as [*2]determined the plaintiff's unopposed cross motion is dismissed; and it is further,
ORDERED that the order dated April 1, 2015, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from so much of the order dated October 22, 2013, as granted the plaintiff's cross motion, inter alia, to strike the answer of the defendant Michele M. Simms Parris (hereinafter the appellant), unless she complied with the plaintiff's discovery demands within a specified time, should be dismissed. The appellant did not oppose the plaintiff's cross motion, and no appeal lies from an order entered upon the default of the appealing party (see CPLR 5511; Marino v Termini, 4 AD3d 342).
In December 2009, the plaintiff commenced this action against the appellant and others, inter alia, to determine the rights of the parties with respect to certain real property in Brooklyn and to recover damages for fraud. At the time it commenced this action, the plaintiff filed a notice of pendency against the subject property, which would be in effect until December 2012. Following joinder of issue, the appellant and the defendants Keith Simms and Gloria Lewis, also known as Gloria Simms, moved for summary judgment dismissing the complaint insofar asserted against them, contending, among other things, that the plaintiff lacked standing. The motion was denied in an order dated November 21, 2011, from which no appeal was taken. The plaintiff moved to compel discovery and to extend the term of the notice of pendency on the subject property to December 2015, and this Court affirmed an order granting the plaintiff's motions for that relief (see HSBC Bank USA, N.A. v Simms, 131 AD3d 508, 509).
In an order dated October 22, 2013, the Supreme Court, inter alia, denied a motion by the appellant and others for a protective order with respect to the plaintiff's discovery demands, and granted that branch of the plaintiff's unopposed cross motion which was to strike the appellant's answer, unless she complied with the plaintiff's discovery demands within a specified time. Upon her failure to do so, the appellant's answer and affirmative defenses were stricken. Subsequently, the plaintiff moved, among other things, for leave to enter a default judgment against the appellant and to sever the issue of damages with respect to the cause of action against the appellant from the cause of action against the defendant Emigrant Mortgage Company, Inc. (hereinafter Emigrant). In an order dated April 1, 2015, the court, inter alia, granted those branches the plaintiff's motion and denied that branch of the appellant's cross motion which was to impose sanctions against the plaintiff pursuant to 22 NYCRR 130-1.1.
A defaulting defendant is deemed to have admitted all the allegations in the complaint (see McGee v Dunn, 75 AD3d 624; Al Fayed v Barak, 39 AD3d 371, 372). An affidavit or verified complaint submitted in support of a motion pursuant to CPLR 3215(f) for leave to enter a default judgment need only allege enough facts to determine whether a viable cause of action exists (see Woodson v Mendon Leasing Corp., 100 NY2d 62, 71). Here, the plaintiff established its entitlement to a default judgment against the appellant by submitting evidence of service of the summons and complaint, evidence of the facts constituting the cause of action against the appellant, and evidence of the appellant's default (see CPLR 3215[f]; Seidler v Knopf, 153 AD3d 874, 875; Triangle Props. #2, LLC v Narang, 73 AD3d 1030). Accordingly, we agree with the Supreme Court's determination to grant that branch of the plaintiff's motion which was for leave to enter a default judgment against the appellant.
The Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was to sever the issue of damages with respect to the cause of action against the appellant from the cause of action against Emigrant (see Naylor v Knoll Farms of Suffolk County, Inc., 31 AD3d 726, 727).
There is no evidence of frivolous conduct by the plaintiff which would justify the imposition of sanctions (see 22 NYCRR 130-1.1[c][1]; Jason v Chusid, 78 NY2d 1099; Maroulis [*3]v 64th St.-Third Ave. Assoc., 77 NY2d 831, 833; Matter of Minister, Elders & Deacons of Refm. Prot. Dutch Church of City of N.Y. v 198 Broadway, 76 NY2d 411, 413; Levy v Carol Mgt. Corp., 260 AD2d 27, 34; Romeo v Romeo, 225 AD2d 753, 755). Accordingly, we agree with the Supreme Court's determination to deny that branch of the appellant's cross motion which was to impose sanctions against the plaintiff.
The appellant's remaining contentions are without merit.
DILLON, J.P., CHAMBERS, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court