Maxim Inc. v Gross (2020 NY Slip Op 00385)





Maxim Inc. v Gross


2020 NY Slip Op 00385


Decided on January 21, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 21, 2020

Manzanet-Daniels, J.P., Gesmer, Oing, Moulton, González, JJ.


654137/15 10822A 10822

[*1] Maxim Inc., et al., Plaintiffs-Respondents,
v
Wayne Gross, Defendant, Jason Feifer, Defendant-Appellant.


Schoeman Updike Kaufman & Gerber LLP, New York (Beth L. Kaufman of counsel), for appellant.
Sack & Sack, LLP, New York (Alex Seidenberg of counsel), for respondents.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered on or about March 6, 2018, which, insofar as appealed from as limited by the briefs, denied defendant Feifer's cross motions for discovery sanctions under CPLR 3126 and for a default judgment against plaintiff Maxim Inc. on his fraudulent inducement counterclaim, granted Maxim's motion to dismiss that counterclaim, and granted plaintiffs' motion to amend the complaint to add a defamation per se cause of action, and order, same court and Justice, entered on or about January 8, 2019, which denied Feifer's second motion for discovery sanctions under CPLR 3126 and his motion for a default judgment against Maxim on his amended counterclaims, and granted Maxim's motion to dismiss the amended counterclaims, unanimously modified, on the law and the facts and in the exercise of discretion, to grant defendant's motion for discovery sanctions to the extent of imposing monetary sanctions on plaintiffs in the amount of defendant's reasonable legal fees expended in discovery on the defamation claim, to condition the grant of plaintiffs' amendment to the defamation cause of action on reimbursement to defendant of the reasonable legal fees he incurred in pursuing discovery on that claim and remand the matter for a hearing to determine the reasonable value of attorneys' fees due defendant, and to deny plaintiffs' motion to dismiss the amended counterclaim for fraudulent inducement, and otherwise affirmed, without costs.
This Court previously imposed discovery sanctions on plaintiffs in the amount of a $10,000 monetary sanction pursuant to CPLR 3126 (see Maxim, Inc. v Feifer, 161 AD3d 551 [1st Dept 2018]). Plaintiffs' continued discovery abuses, including their refusal to produce proper witnesses for depositions, withholding of responsive documents, and refusal to properly answer interrogatories, and their general obstructionist behavior and cavalier attitude with respect to discovery obligations and deadlines warrant the further exercise of this Court's discretion to impose monetary sanctions on them in the amount of defendant's reasonable legal fees incurred in discovery (see Figdor v City of New York, 33 AD3d 560, 561 [1st Dept 2006]).
Relatedly, plaintiffs' motion to amend their defamation cause of action sought in reality to discontinue the defamation claim and leave only the claim for defamation per se in place. Defendant has expended considerable resources seeking discovery into plaintiffs' goodwill, standing, reputations, and the re-brand of Maxim magazine to support his defense to the defamation claim, which plaintiffs have resisted and now, at this late date, seek to avoid entirely by limiting the cause of action to a claim for defamation per se. Accordingly, the grant of the amendment should be conditioned on plaintiffs' reimbursement to defendant of the reasonable legal fees he incurred in pursuing discovery into the defamation claim (see New York Downtown Hosp. v Terry, 80 AD3d 493, 494 [1st Dept 2011]; see also Beigel v Cohen, 158 AD2d 339, 340 [*2][1st Dept 1990]).
Although the court providently exercised its discretion in denying defendant's motion for a default judgment on his amended counterclaims, it erred to the extent it dismissed the fraudulent inducement counterclaim for failure to state a cause of action (see Laduzinski v Alvarez & Marsal Taxand LLC, 132 AD3d 164, 168 [1st Dept 2015]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 21, 2020
CLERK