Strong Is. Contr. Corp. v Padilla (2023 NY Slip Op 03939)

Strong Is. Contr. Corp. v Padilla

2023 NY Slip Op 03939

Decided on July 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2021-01143
 (Index No. 608952/17)

[*1]Strong Island Contracting Corp., appellant,
v
Raul Padilla, respondent, et al., defendants.

Marshall M. Stern, P.C., Huntington Station, NY (Judith Donnenfeld of counsel), for appellant.
Joseph A. Altman, P.C., Bronx, NY, for respondent.

DECISION & ORDER
In an action, inter alia, to foreclose a mechanic's lien, the plaintiff appeals from an order of the Supreme Court, Nassau County (Roy S. Mahon, J.), dated January 28, 2021. The order granted the defendant's motion to cancel the plaintiff's notice of pendency pursuant to CPLR 6513 and 6514, in effect, to vacate an order of the same court dated August 11, 2020, which granted the plaintiff's unopposed motion to extend a notice of pendency, and to direct the plaintiff to pay the costs, expenses, and legal fees for making the motion.
ORDERED that the order dated January 28, 2021, is reversed, on the law, with costs, and the defendant's motion is denied.
In August 2017, the plaintiff commenced this action, inter alia, to foreclose on a mechanic's lien related to construction work it performed on real property owned by the defendant Raul Padilla (hereinafter the defendant). The plaintiff filed a notice of pendency on September 1, 2017. In June 2020, the plaintiff moved to extend the notice of pendency. Although the Supreme Court had previously stayed all proceedings in the action pending hearing and determination of the motion of the defendant's counsel to be relieved, by order dated August 11, 2020, the Supreme Court granted the plaintiff's motion. By order dated August 12, 2020, the court granted the motion of the defendant's counsel to be relieved and continued the stay of all proceedings in the action. Thereafter, the defendant moved to cancel the notice of pendency pursuant to CPLR 6513 and 6514, in effect, to vacate the order dated August 11, 2020, and to direct the plaintiff to pay the costs, expenses, and legal fees for making the motion. The Supreme Court granted the defendant's motion. The plaintiff appeals.
Pursuant to CPLR 6513, a "notice of pendency is valid for three years from the date of filing and may be extended for additional three-year periods upon a showing of good cause. The extension, however, must be requested prior to the expiration of the prior notice. This is an exacting rule; a notice of pendency that has expired without extension is a nullity" (Matter of Sakow, 97 NY2d 436, 442 [citations, footnote, and internal quotation marks omitted]). A lapsed notice of pendency may not be revived (see id. at 442; RKO Props., Ltd. v Boymelgreen, 31 AD3d 625). Here, the plaintiff timely requested and established good cause for extending the notice of pendency by demonstrating that the trial for the instant foreclosure action was delayed by the motion of the [*2]defendant's counsel to be relieved and the court closures due to the COVID-19 pandemic.
Contrary to the defendant's contention, it was not improper to extend the notice of pendency while all proceedings in this action were stayed (see Aames Funding Corp. v Houston, 57 AD3d 808, 808-809; Stassou v Casini & Huang Constr., 203 AD2d 357).
The defendant's remaining contentions are without merit.
CONNOLLY, J.P., IANNACCI, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court