Miller v Fuentes (2025 NY Slip Op 03564)

Miller v Fuentes

2025 NY Slip Op 03564

Decided on June 11, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 11, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
DEBORAH A. DOWLING
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2022-01489 
2022-07114
 (Index No. 708644/18)

[*1]Gregory Miller, respondent,
v
Indira Fuentes, appellant.

David J. Broderick LLC, Forest Hills, NY, for appellant in Appeal No. 2022-01489.
Klein Slowik, PLLC, New York, NY (John L. Overland of counsel), for appellant in Appeal No. 2022-07114.
Bailey Law, P.C., Syosset, NY (Edward G. Bailey of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of fiduciary duty, the defendant appeals from (1) an order of the Supreme Court, Queens County (Robert J. McDonald, J.), entered January 20, 2022, and (2) an order of the same court entered March 22, 2022. The order entered January 20, 2022, insofar as appealed from, denied the defendant's cross-motion, among other things, pursuant to CPLR 5015(a)(4) to vacate a judgment of the same court entered November 13, 2020, upon her failure to appear or answer the complaint, and pursuant to CPLR 3211(a)(8) to dismiss the complaint for lack of personal jurisdiction. The order entered March 22, 2022, insofar as appealed from, upon reargument, vacated so much of the order entered January 20, 2022, as denied the plaintiff's prior motion to extend a notice of pendency, and thereupon, granted the plaintiff's prior motion.
ORDERED that the order entered January 20, 2022, is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a hearing to determine whether the defendant was properly served with process pursuant to CPLR 308(4) and a new determination thereafter of the defendant's cross-motion; and it is further,
ORDERED that the order entered March 22, 2022, is affirmed insofar as appealed from, without costs or disbursements.
In or about June 2018, the plaintiff, a member of Grace Capital Group, LLC (hereinafter the company), commenced this action against the defendant, alleging, inter alia, that the defendant had engaged in improper conduct with regard to certain real property held by the company to the detriment of the plaintiff and the company. On July 13, 2018, the plaintiff filed a notice of pendency against the property. According to an affidavit of service of the plaintiff's process server sworn to on July 26, 2018, the defendant was served with the summons and complaint pursuant to CPLR 308(4) by affixing a copy of the summons and complaint to the door of the defendant's dwelling place or usual place of abode on that date. The defendant did not appear or answer the [*2]complaint. The Supreme Court granted the plaintiff's motion for leave to enter a default judgment, and on November 13, 2020, the court entered a judgment in favor of the plaintiff and against the defendant.
Thereafter, the plaintiff moved to extend the notice of pendency. The defendant cross-moved, inter alia, pursuant to CPLR 5015(a)(4) to vacate the judgment and pursuant to CPLR 3211(a)(8) to dismiss the complaint for lack of personal jurisdiction. In support, the defendant contended, among other things, that service was improper because the plaintiff's process server failed to aver that he mailed the summons and complaint to the defendant's last known residence or actual place of business as required by CPLR 308(4). In opposition to the defendant's cross-motion, the plaintiff submitted a new affidavit of service from its process server sworn to on November 23, 2021, reflecting the requisite mailing. In an order entered January 20, 2022, the Supreme Court denied the plaintiff's motion and the defendant's cross-motion.
Thereafter, the plaintiff moved for leave to reargue his prior motion to extend the notice of pendency. In an order entered March 22, 2022, the Supreme Court, among other things, granted the plaintiff leave to reargue and, upon reargument, vacated so much of the order entered January 20, 2022, as denied the plaintiff's prior motion to extend the notice of pendency, and thereupon, granted that motion. The defendant appeals.
Pursuant to CPLR 5015(a)(4), the court which rendered a judgment or order may relieve a party from it upon such terms as may be just upon the ground of "lack of jurisdiction to render the judgment or order." "Service of process must be made in strict compliance with statutory 'methods for effecting personal service upon a natural person' pursuant to CPLR 308" (Estate of Waterman v Jones, 46 AD3d 63, 65, quoting Macchia v Russo, 67 NY2d 592, 594; see Grand Pac. Mtge. Corp. v Pietranski, 175 AD3d 1503, 1504-1505). "Where service is effected pursuant to CPLR 308(4), the affix and mail method, the plaintiff must demonstrate that the summons was affixed to the door of the dwelling place or usual place of abode of the person to be served and mailed to such person's last known residence" (U.S. Bank N.A. v Henry, 219 AD3d 854, 857; see CPLR 308[4]). "The court does not have personal jurisdiction over a defendant when a plaintiff fails to properly effectuate service of process. In those instances in which process has not been served upon a defendant, all subsequent proceedings will be rendered null and void" (Deutsche Bank Natl. Trust Co. v Williams, 215 AD3d 799, 799-800 [internal quotation marks omitted]; see Emigrant Mtge. Co., Inc. v Westervelt, 105 AD3d 896, 897).
Here, the Supreme Court erred in determining the defendant's cross-motion, inter alia, to vacate the judgment and to dismiss the complaint for lack of personal jurisdiction without first conducting a hearing to determine the validity of service of process. The original affidavit of service sworn to on July 26, 2018, failed to aver that the process server mailed the summons and complaint as required by CPLR 308(4). The new affidavit of service sworn to on November 23, 2021, submitted by the plaintiff in opposition to the defendant's cross-motion, could not be used to cure the apparent defect in the original affidavit of service (see John Doe v Mesivtha, Inc., 226 AD3d 971, 973; HSBC Bank USA, N.A. v Rini, 218 AD3d 664, 666; Jampolskaya v Ilona Genis, MD, P.C., 205 AD3d 785, 786). Further, the defendant raised an issue of fact as to whether the summons and complaint were affixed to the door of the defendant's dwelling place or usual place of abode (see Legal Servicing, LLC v Carty, 229 AD3d 533, 535-536; Sinay v Schwartzman, 148 AD3d 1068, 1070).
However, upon reargument, the Supreme Court properly vacated so much of the order entered January 20, 2022, as denied the plaintiff's motion to extend the notice of pendency, and thereupon, granted that motion. Contrary to the defendant's contention, the plaintiff established good cause for extending the notice of pendency (see CPLR 6513; Strong Is. Contr. Corp. v Padilla, 218 AD3d 820; Aames Funding Corp. v Houston, 57 AD3d 808, 808-809; L & L Painting Co. v Columbia Sussex Corp., 225 AD2d 670, 671).
DILLON, J.P., DOWLING, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court