T&T Elec. Corp. v Borough Equities, LLC (2025 NY Slip Op 07426)

T&T Elec. Corp. v Borough Equities, LLC

2025 NY Slip Op 07426

Decided on December 31, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
BARRY E. WARHIT
HELEN VOUTSINAS
LILLIAN WAN, JJ.

2024-08696
 (Index No. 721219/19)

[*1]T & T Electrical Corp., respondent, 
vBorough Equities, LLC, et al., defendants, Jewel Liton, LLC, appellant.

Ginsburg & Misk LLP, Queens Village, NY (Gerard N. Misk of counsel), for appellant.
Rabinowitz, Galina & Rosen, Mineola, NY (Daniel P. Rabinowitz and Gayle Rosen of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to foreclose a mechanic's lien, the defendant Jewel Liton, LLC, appeals from an order of the Supreme Court, Queens County (Phillip Hom, J.), entered June 11, 2024. The order granted the plaintiff's motion pursuant to CPLR 6513 to extend a notice of pendency and denied that defendant's cross-motion to cancel the notice of pendency and to dismiss the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
On December 19, 2019, the plaintiff commenced this action, inter alia, to foreclose a mechanic's lien related to electrical work it performed on property owned by the defendant Jewel Liton, LLC (hereinafter the defendant). On the same date, the plaintiff filed a notice of pendency against the property. On December 7, 2022, the plaintiff submitted a proposed order to show cause, seeking to move pursuant to CPLR 6513 to extend the notice of pendency. The order to show cause was signed by the Supreme Court on December 22, 2022, and entered by the Queens County Clerk on January 4, 2023. The defendant opposed the plaintiff's motion and cross-moved to cancel the notice of pendency and to dismiss the complaint insofar as asserted against it, contending that the court lacked the authority to extend the term of the notice of pendency after the original notice had expired.
In an order entered June 11, 2024, the Supreme Court granted the plaintiff's motion and denied the defendant's cross-motion. The court noted that, although the order to show cause was not signed by the court until December 22, 2022, and was not indexed until January 4, 2023, the delay was not attributable to the plaintiff, but to the court. Additionally, the court determined that the plaintiff demonstrated good cause for the extension, noting that there had been "prior motion practice regarding the pleadings" and that the action was pending during the COVID-19 pandemic. The defendant appeals.
"A notice of pendency is valid for three years from the date of filing and may be extended for additional three-year periods upon a showing of good cause" (Matter of Sakow, 97 [*2]NY2d 436, 442; see CPLR 6513). "The extension, however, must be requested prior to the expiration of the prior notice" (Matter of Sakow, 97 NY2d at 442; see Strong Is. Contr. Corp. v Padilla, 218 AD3d 820, 821). "[A] lapsed notice of pendency may not be revived" (Matter of Sakow, 97 NY2d at 442; see Strong Is. Contr. Corp. v Padilla, 218 AD3d at 821).
Here, the plaintiff satisfied the requirements of CPLR 6513. The plaintiff moved to extend the notice of pendency before the expiration of the prior notice, and the defendant does not challenge the Supreme Court's determination that the plaintiff demonstrated good cause for the extension (see Matter of Sakow, 97 NY2d at 442; HSBC Bank USA, N.A. v Simms, 131 AD3d 508, 509). Contrary to the defendant's contention, under the circumstances of this case, the court had the authority to extend the term of the notice of pendency, since the plaintiff applied to extend the notice of pendency on December 7, 2022, well in advance of the December 19, 2022 expiration date of the prior notice (see Matter of Navillus Tile, Inc., 98 AD3d 979, 981, lv granted 20 NY3d 854; Makovic v Aigbogun, 41 AD3d 342; Sanders & Assoc. v Hague Dev. Corp., 131 AD2d 462, 463).
The defendant's remaining contention is without merit.
Accordingly, the Supreme Court properly granted the plaintiff's motion pursuant to CPLR 6513 to extend the notice of pendency and denied the defendant's cross-motion to cancel the notice of pendency and to dismiss the complaint insofar as asserted against it.
BARROS, J.P., WARHIT, VOUTSINAS and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court