| |
|---|
| **Haruvi v Hungerford** |
| 2026 NY Slip Op 30746(U) |
| March 2, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 651033/2023 |
| Judge: Andrew Borrok |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 53

-----------------------------------------------------------------------------X

MICHELLE HARUVI,

                           Plaintiff,

                    - v -

PETER HUNGERFORD, ARTHUR HARUVI, 315W54
OWNER LLC,311W54 OWNER LLC,309W54 OWNER
LLC,313W54 OWNER LLC,38W75 OWNER LLC,244W74
OWNER LLC,54W75 OWNER LLC,FS CREIT FINANCE
HOLDINGS LLC,JOHN AND JANE DOES, SIMRY
REALTY CORP., PH REALTY NY HOLDINGS
LLC,ABRAHAM HARUVI, AILEEN HARUVI, GARY
PHILLIPS, SHAI SEGEV,

                       Defendant.

-----------------------------------------------------------------------------X

ABRAHAM HARUVI

                     Plaintiff,

               -against-

JADE VENTURE PARTNERS LLC

                    Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 651033/2023 |
| **MOTION DATE** | 12/31/2025, 01/02/2026 |
| **MOTION SEQ. NO.** | 014 015 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No.  596114/2025

HON. ANDREW BORROK:

The following e-filed documents, listed by NYSCEF document number (Motion 014) 463, 464, 465, 466, 467, 468, 469, 470, 471, 472, 473, 483, 488, 489, 490, 491

were read on this motion to/for           **DISCOVERY**          .

The following e-filed documents, listed by NYSCEF document number (Motion 015) 474, 475, 476, 477, 478, 479, 480, 481, 484, 492, 493, 494, 495, 496

were read on this motion to/for           **EXTEND - TIME**          .

Upon the foregoing documents and for the reasons set forth on record (*tr.* 2.27.26), the branch of

Michelle Haruvi's motion (Mtn. Seq. No. 14) seeking to compel the production of documents

651033/2023   MICHELLE HARUVI, SUING INDIVIDUALLY AND DERIVATIVELY ON BEHALF OF       Page 1 of 7
SIMRY REALTY CORP. vs. HUNGERFORD, PETER ET AL
Motion No.  014 015

1 of 7

from Peter Hungerford and PH Realty NY Holdings LLC (**PH Realty** and, together with Mr. Hungerford, the **Hungerford Defendants**) is GRANTED.

During the parties' initial exchange of documents in August 2025, Mr. Hungerford withheld over 10,000 documents based on broad assertions of the attorney-client privilege. However, his privilege log (NYSCEF Doc. No. 465) was categorical and did not provide sufficient information for Ms. Haruvi to challenge any improper assertion of privilege. Subsequently, Mr. Hungerford provided an itemized privilege log (NYSCEF Doc. No. 467) revealing that Mr. Hungerford withheld communications with third parties and without proper explanation as to why the privilege would extend to any such third parties, including, between (i) Mr. Hungerford and Shai Segev (*id.* at 1, 26-27, 32-33, 59-60, 67, 73, 75, 93, 95, 164-165, and 173), (ii) Shai Segev and Aileen Haruvi (*id.* at 26, 31-32, 34, and 67), (iii) Mr. Hungerford and Abe Haruvi (*id.* at 26-27, 51, 54, and 67), (iv) Mr. Hungerford and real estate brokers (*id.* at 31), (v) and among PH Realty employees (*id.* at 26, 34, and 60), (vi) Mr. Hungerford and Meyer Mintz and other business associates (*id.* at 18, 27, and 32), and (vii) Mr. Hungerford and other third parties (*id.* at 1, 5, 63, 65-66, 68, and 151), where no attorneys appear to have been included in the communications. Additionally, Mr. Hungerford withheld documents between his lawyers at Goldberg Weprin and Cole Schotz relating to what he claims were several negotiated arms-length transactions with Simry Realty and Arthur Haruvi.

Mr. Hungerford offers no legally cognizable basis upon which these documents were not produced in good faith based on the assertion of privilege. He does not ask the Court to review

651033/2023  MICHELLE HARUVI, SUING INDIVIDUALLY AND DERIVATIVELY ON BEHALF OF                Page 2 of 7
SIMRY REALTY CORP. vs. HUNGERFORD, PETER ET AL
Motion No. 014 015

2 of 7

*in camera* any of them.  Instead, he claims that he now cannot produce these documents because he is fighting with his own ESI provider, among other things, because of their bill.

This self-created dispute does not shield Mr. Hungerford from complying with his discovery obligations in this case (*see U.S. Bank Nat. Ass'n v GreenPoint Mtge. Funding, Inc.*, 94 AD3d 58, 63 [1st Dept 2012] [providing that each party should generally bear the expenses it incurs in responding to discovery requests]; *see also Lopez v Don Herring Ltd.*, 327 FRD 567, 581 [ND Tex 2018] [providing that a party has an independent obligation to respond to discovery demands]).[1]  As such, Mr. Hungerford has not met his burden to demonstrate that the attorney-client privilege applies to these documents and they must be produced (*Ambac Assur. Corp. v Countrywide Home Loans, Inc.*, 27 NY3d 616, 624 [2016]).

Additionally, the Hungerford Defendants have not complied with the supplemental production that was ordered by the Court (NYSCEF Doc. No. 398) in its Order dated October 29, 2025. This was a clear and unequivocal mandate requiring production.  Given the admonition of the Court, the order appears to have been willfully and contumaciously flouted in attempt to stymie discovery in this case (*El-Dehdan v El-Dehdan*, 26 NY3d 19, 29 [2015]; *Continental Industries Grp., Inc. v. Ustuntas*, 173 A.D.3d 419, 420 (1st Dep't 2019); *Maxim Inc. v. Gross*, 179 A.D.3d 536, 537 [1st Dep't 2020]; *Oasis Investments II Master Fund Ltd. v Mo* [N.Y. Sup Ct, New York County 2025]).

---

[1] When this issue was first discussed with the Court, the Court admonished Mr. Hungerford that he could not use his failure to pay his ESI vendor as a shield to fulfilling his discovery obligations and that he might consider paying his vendor but reserving any rights he has if in fact a legitimate dispute exists and so that he could meet his obligations in this case.

**651033/2023   MICHELLE HARUVI, SUING INDIVIDUALLY AND DERIVATIVELY ON BEHALF OF**          **Page 3 of 7**
**SIMRY REALTY CORP. vs. HUNGERFORD, PETER ET AL**
**Motion No.  014 015**

Thus, the branch of Ms. Haruvi's motion seeking to compel the production of documents from the Hungerford Defendants is GRANTED. The Hungerford Defendants are directed to produce these documents no later than March 27, 2026, otherwise, Ms. Haruvi may move for all appropriate relief including striking their pleadings.

The imposition of sanctions is contingent on a party's willful and contumacious conduct in refusing to comply with outstanding discovery obligations (*Sanchez v City of NY*, 266 AD2d 127 [1st Dept 1999]). Willful and contumacious conduct may be inferred from a party's repeated failure to comply with court-ordered discovery, coupled with inadequate explanations for the failures to comply with court-ordered discovery over an extended period of time (*Brinson v Pod*, 129 AD3d 1005, 1010 [2d Dept 2015]). The court may exercise its discretion to determine an appropriate sanction for a party's failure to produce documents pursuant to CPLR 3126 (*Husovic v Structure Tone, Inc.*, 171 AD3d 559, 560 [1st Dept 2019]). However, the branch of Ms. Haruvi's motion seeking to impose sanctions on the Hungerford Defendants is DENIED at this time without prejudice.

As a general matter, the producing party should bear the cost of searching for, retrieving, and producing ESI. However, where the court determines the request constitutes an undue burden or expense on the responding party, the court may exercise its broad discretion to permit the shifting of costs between the parties (*U.S. Bank Nat. Ass'n v GreenPoint Mtge. Funding, Inc.*, 94 AD3d 58, 63 [1st Dept 2012]).

651033/2023   MICHELLE HARUVI, SUING INDIVIDUALLY AND DERIVATIVELY ON BEHALF OF          Page 4 of 7
SIMRY REALTY CORP. vs. HUNGERFORD, PETER ET AL
Motion No.  014 015

4 of 7

[* 4]

The Hungerford Defendants are not entitled to cost-shifting in this case. The costs of producing the documents requested by Ms. Haruvi are not an undue burden in the context of this dispute involving what the Defendants described as a $300 million real estate portfolio (*tr.* 2.27.26). Thus, the Hungerford Defendants' cross-motion to shift the costs of production to Ms. Haruvi is DENIED.

Ms. Haruvi is entitled to the extension of the duration certain notices of pendency (the **Notices of Pendency**; NYSCEF Doc. Nos. 7-13) that are set to expire on February 28, 2026, because the record before the Court firmly establishes that Ms. Haruvi has never delayed in seeking to protect her rights and put the world on notice of her rights in this case (*Knopf v. Sanford*, 110 A.D.3d 502, 502 [1st Dep't 2013]; *L & L Painting Co. v. Columbia Sussex Corp.*, 225 A.D.2d 670, 670–71 [2d Dep't 1996]; *Makovic v. Aigbogun*, 41 A.D.3d 342 [1st Dep't 2007]). The Appellate Division has previously held that the cancellation of the Notices of Pendency was improper (*Haruvi v Hungerford*, 233 AD3d 478, 478 [1st Dept 2024]) and Ms. Haruvi seeks recission pursuant to BCL 909 and quieting of title in relation to these properties.[2] The world should be on notice of that.[3] The Defendants are also simply wrong that changed circumstances in this case warrants permitting the Notices of Pendency to lapse. Unquestionably, Ms. Haruvi would face substantial prejudice if they are not extended (*In re Estate of Sakow*, 182 Misc 2d

---

[2] Ms. Haruvi seeks to extend the duration of the notices of pendency over the following properties: (i) Block 1045, Lot 26, 309 West 54th St., New York, NY 10019, (ii) Block 1045, Lot 25, 311 West 54th St., New York, NY 10019, (iii) Block 1045, Lot 24, 313 West 54th St., New York, NY 10019, (iv) Block 1045, Lot 22, 315 West 54th St., New York, NY 10019, (v) Block 1165, Lot 56, 244 West 74th St., New York, NY 10023, (vi) Block 1127, Lot 52, 38 West 75th St., New York, NY 10023, and (vii) Block 1127, Lot 59, 54 West 75th St., New York, NY 10023 (NYSCEF Doc. Nos. 7-13).

[3] The foreclosure complaints (NYSCEF Doc. Nos. 494 and 495) do not even mention the Notices of Pendency. The lenders themselves have their own notices of pendency over these properties (*tr.* 2.27.26).

651033/2023   MICHELLE HARUVI, SUING INDIVIDUALLY AND DERIVATIVELY ON BEHALF OF SIMRY REALTY CORP. vs. HUNGERFORD, PETER ET AL
Motion No.  014 015

Page 5 of 7

5 of 7

[* 5]

775, 777 [Sur Ct 1999]). Thus, Ms. Haruvi's motion (Mtn. Seq. No. 015) seeking to extend the effectivity of the Notices of Pendency to February 28, 2029 is GRANTED.

The Court has considered the parties' remaining arguments and finds them unavailing.

Accordingly, it is hereby ORDERED that the branch of Ms. Haruvi's motion (Mtn. Seq. No. 014) seeking to compel the production of documents from the Hungerford Defendants is granted to the extent set forth above; and it is further

ORDERED that the Hungerford Defendants shall produce these documents no later than March 27, 2026, otherwise, Ms. Haruvi may move for all appropriate relief; and it is further

ORDERED that the branch of Ms. Haruvi's motion (Mtn. Seq. No. 014) seeking to impose sanctions is DENIED without prejudice; and it is further

ORDERED that the Hungerford Defendants' cross-motion to shift the costs of discovery is DENIED; and it is further

ORDERED that Ms. Haruvi's motion (Mtn. Seq. No. 015) seeking to extend the duration of the Notices of Pendency until February 28, 2029 is GRANTED; and it is further

ORDERED that Ms. Haruvi is directed to submit order; and it is further

651033/2023   MICHELLE HARUVI, SUING INDIVIDUALLY AND DERIVATIVELY ON BEHALF OF
SIMRY REALTY CORP. vs. HUNGERFORD, PETER ET AL
Motion No.  014 015

Page 6 of 7

6 of 7

[* 6]

ORDERED that the parties shall appear at a status conference on April 10, 2026 at 11:30 a.m.

2026030211474B0RR0K20657SC35C8043C69B95F79695EE558F

_____
**3/2/2026**
**DATE**

_____
**ANDREW BORROK, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**651033/2023   MICHELLE HARUVI, SUING INDIVIDUALLY AND DERIVATIVELY ON BEHALF OF**          **Page 7 of 7**
**SIMRY REALTY CORP. vs. HUNGERFORD, PETER ET AL**
**Motion No.  014 015**

[* 7]